Petitioner, Community Corrections Association, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering the Ohio Department of Rehabilitation and Correction, respondent, to provide petitioner with copies of all records, pursuant to R.C. 149.43, which relate to any investigations of petitioner conducted by respondent.
This matter was referred to a court-appointed referee pursuant to Civ.R. 53 and Section 13, Loc.R. 11, of the Tenth District Court of Appeals. On June 10, 1992, this action was withdrawn from the referee and the case was transferred to a panel of judges for further proceedings.
Petitioner is a private incorporated association operating a rehabilitation and corrections facility in Mahoning County, Ohio. Respondent is a state agency whose responsibilities include, but are not limited to, oversight of certain aspects of petitioner's operations and facilities. Pursuant to certain allegations which *Page 823 
were made against petitioner, respondent conducted an investigation. At the conclusion of the investigation, respondent took no legal action against petitioner or any of petitioner's employees. Thereafter petitioner contacted respondent requesting the following:
"All records relating to any investigations of the Community Corrections Association, Inc. conducted by The Ohio Department of Rehabilitation and Correction including statements provided to the department's investigators as well as exhibits and documents received from individuals outside the department." (Paragraph four of the petition.)
Respondent provided petitioner with copies of the documents in its files which it believed to be nonexempt public records, and refused demands for further documents on the basis of specific exemptions contained in the public records statute.
Petitioner commenced this action on December 6, 1991. An answer was filed and certain pretrial proceedings followed. During this time, additional documents were identified by respondent as nonexempt public records and were made available to petitioner. Pursuant to an order of the referee, respondent prepared an index of the file containing the requested documents and filed the same with this court. The parties then stipulated that the document categories specifically sought by petitioner were contained in Categories II, VII, VIII, and IX of the index. The parties agreed that the disputed documents would be submitted to the court for an in camera inspection and that respondent would submit its brief first, followed by a brief from petitioner and a reply brief from respondent.
It is well settled that in order for a writ of mandamus to issue, the relator must demonstrate: (1) a clear legal right for the relief prayed for; (2) respondent is under a clear duty to perform the act; and (3) relator has no plain and adequate remedy in the ordinary course of law. State ex rel. Berger v.McMonagle (1983), 6 Ohio St.3d 28, 29, 6 OBR 50, 51,451 N.E.2d 225, 226.
Respondent makes the following arguments regarding the exemption of the various documents: (1) those documents contained within Category II are exempt from release pursuant to R.C. 149.43(A)(1) because those documents pertain to parole proceedings; (2) those documents contained within Categories VII, VIII and IX are exempt from release because they pertain to a law enforcement matter of an administrative nature, the release of which has the probability of disclosing the identity of information sources to whom confidentiality has been reasonably promised and that those documents are specific investigatory work product.
The public records statute, R.C. 149.43, provides in relevant part as follows:
"(A) As used in this section: *Page 824 
"(1) `Public record' means any record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, except medical records, records pertaining to adoption, probation, and parole proceedings, records pertaining to actions under section2151.85 of the Revised Code and to appeals of actions arising under that section, records listed in division (A) of section3107.42 of the Revised Code, trial preparation records, confidential law enforcement investigatory records, and records the release of which is prohibited by state or federal law.
"(2) `Confidential law enforcement investigatory record' means any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:
"(a) The identity of a suspect who has not been charged with the offense to which the record pertains, or of an information source or witness to whom confidentiality has been reasonably promised;
"(b) Information provided by an information source or witness to whom confidentiality has been reasonably promised, which information would reasonably tend to disclose his identity;
"(c) Specific confidential investigatory techniques or procedures or specific investigatory work product[.]"
Pursuant to R.C. 149.43(B):
"All public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time. * * *"
This court has conducted an in camera inspection of the documents provided, under seal, by respondent. This court will discuss the documents by category.
Category II is labeled as "Inter-Office Communications within the Adult Parole Authority regarding individuals." There are eight documents within this category. Six of those documents were prepared by parole officers and the information contained therein concerns individuals who have either been placed on parole or probation. The document numbered II-10 contains the names of certain parolees or probationers. The document numbered II-14 concerns a parolee or probationer about whom a report was prepared by a parole officer and that report is included within this category of documents. Last, the document numbered II-10 contains the names of parolees or probationers who were assigned to the petitioner's center, provides their client numbers and the dates which they appeared before the Parole Board. *Page 825 
There is absolutely no evidence in the record to indicate that these documents pertain to parole proceedings as respondent argues. Respondent has not met its burden of proof concerning these documents. Therefore, those documents contained within Category II should be released to petitioner.
Category VII, labeled "Handwritten notes, drafts, and final reports of individual interviews, and information received," contains fifty-one pages of information. Those documents numbered VII-1 through VII-28 and VII-32 through VII-51 contain information, either by way of handwritten notes or in final typewritten report form, concerning interviews conducted by agents of respondent concerning the investigation of petitioner's operation. Upon review, this court finds that, pursuant to the written report, two of the people interviewed specifically requested confidentiality with regard to their interview. Notwithstanding, respondent has not presented any evidence that those people were actually promised confidentiality regarding their interview. If any of the people actually were promised confidentiality, then respondent should redact their names before releasing the documents to petitioner.
The document numbered VII-29 is an envelope. Last, the documents numbered VII-30 and 31 are copies of a police report from the Austintown Township Police District. Respondent has not demonstrated that any of the documents contained in Category VII are exempt. Perhaps some of the interviewees were reasonably promised confidentiality, and, if so, respondent can redact their names upon release of these documents.
Category VIII is entitled "Handwritten lists of individuals who were potential sources of information." Upon review of these documents, this court notes that at least three of the potential witnesses in these lists were interviewed. Some of the other people may have been interviewed; however, the record does not contain any notes, transcribed or otherwise, concerning other interviews.
This court finds that respondent has not met its burden of proof in establishing a basis under which these documents in Category VIII should be exempted from the public records statute. If any of the interviewees were reasonably promised confidentiality, then respondent can redact their names when respondent releases these documents to petitioner. Therefore, this court instructs the respondent to release the documents listed under Category VIII subject to any redactions.
The final category of documents is Category IX entitled "Investigative IOC regarding confidentiality of sources dated 9-25-91." This communication concerns the question of whether the names of the people interviewed and the information that they provided were to be treated as confidential. This court finds that there is only one reference made to a person interviewed to whom confidentiality may have been reasonably promised. If confidentiality was reasonably *Page 826 
promised, then respondent can redact the person's name prior to releasing the document to petitioner.
Based on the foregoing, this court finds that respondent has failed to demonstrate that any of the documents are exempt from the public records statute. Therefore, all the documents should be released subject to the redaction of the names of any people to whom confidentiality was reasonably promised. Therefore, this court will grant a writ of mandamus ordering respondent to release the documents indicated.
Writ granted.
WHITESIDE and McCORMAC, JJ., concur.