JOURNAL ENTRY AND OPINION
This case involves an original action to this court on a Complaint for Writ of Mandamus by the relator and subsequent motions for summary judgment or default judgment by the respondent. Relator alleges that respondent had wrongfully seized $10,868.21 from KeyBank in response to a Consolidated Judgment Entry and Orders directed at KeyTrust, a separate and distinct legal entity, and respondent has refused to order the return of this seized money to KeyBank.
The facts indicate that on September 8, 1995, the parents of Daniel R. Skrobut, Jr. (ward) were appointed co-guardians of the ward's estate. At this time the guardians were ordered to deposit the ward's assets in a wholly restricted depository account with KeyTrust. On December 7, 1995, the guardians made a motion to the court to establish a trust for the ward with KeyTrust as the Trustee. The trial court disallowed this motion, appointing Atty. Bresko as the trustee, and allowed KeyTrust to hold the ward's funds as a "depository bank only." This decision was appealed to this court (97 C.A. 18), and this court subsequently upheld the decision of the trial court.
On January 23, 1997, the trial court ordered the guardians to file their final account with the Probate Court. The guardians failed to comply. On September 30, 1997, the parents/guardians were again ordered to file their final account by October 13, 1997 or to be deemed in contempt of court. After a hearing at which only a partial account was filed, the court, on January 26, 1998 found the guardians to be in contempt and revoked the appointment of the parents as guardians of the estate of the ward. At this time the court denied KeyTrust's request for fees and ordered KeyTrust to account for all prior fees, commissions, interest, and any and all other forms of renumeration. The trial court again found that KeyTrust was not to be anything more than a depository bank of the wholly restricted account for the minor ward. This decision was appealed by the parents (98 C.A. 38) and this court upheld the actions of the Probate Court.
On February 17, 1998, at a hearing with the parents concerning a partial account filed by them on January 7, 1998, the court was informed by the parents that KeyTrust had taken $13,957.55 in "trust" fees, and then rebated $3,957.55 of those fees, without any order of the court allowing KeyTrust to take any fees.
On April 5, 1998, the Probate Court ordered KeyTrust to report and show cause why it should not be held in contempt for failure to account to the court. At the hearing on April 23, 1998, KeyTrust admitted they had taken $3,147.32 on what they termed quarterly fees, and taken and returned other fees of $1,649.37 and $2,039.16, which were never authorized or approved by the court. As a result of this hearing, on April 30, 1998, the court found KeyTrust in contempt for not fully accounting and taking fees not authorized or approved by the court in violation of prior court orders. KeyTrust was given the opportunity to "cure" the contempt by rendering an "accurate accounting and full disclosure." A hearing was set for July 30, 1998. This finding of contempt and order was not appealed by KeyTrust.
After a hearing and a supplemental memo by KeyTrust, the trial court, on October 30, 1998, found KeyTrust to be in contempt a second time for failure to fully account and disclose all fees, commissions, etc. they had taken from the ward's trust. The court again ordered KeyTrust to fully account and disclose all fees, commissions, etc. and to disgorge itself of all fees, commissions, interest, etc. it had taken. The court also fined KeyTrust $500.00 per day plus costs commencing after service, until they fully accounted and disgorged. This decision of the Probate Court was not appealed by KeyTrust.
On November 5, 1998, KeyTrust filed what they termed a "final account" where they admitted to taking and reimbursing $17,706.25 with interest pursuant to the court's October 30, 1998 contempt and fine order. A hearing was held on November 10, 1998. On November 12, 1998, the trial court found KeyTrust to remain in contempt of its prior orders in that KeyTrust had reimbursed fees but had not fully accounted to the court. The court found KeyTrust to remain in contempt and continued the $500.00 per day fine. This November 12, 1998 Judgment Entry and Orders was not appealed by KeyTrust. On November 24, 1998, KeyTrust filed a "First and Final Distributive Report" and the court found KeyTrust to be in compliance with its orders to fully account. No contempt. fines due for $500.00 per day plus costs were submitted by KeyTrust.
On March 30, 1999, the trial court issued its "Consolidated Judgment Entry and Orders, Orders to Appear and Show Cause for Removal and Notice" and Seizure Orders, to, "KeyTrust Company, (aka KeyBank; fka Society Bank; aka Society National Bank) at 50 Federal Plaza East, Youngstown, Ohio 44503." The court ordered the Mahoning County Sheriff to seize the $10,868.21 in fines and costs from KeyTrust Bank at 50 Federal Plaza E., Youngstown, Ohio. KeyTrust had been served notice at the 50 Federal Plaza E. address on numerous prior, occasions without objection.
At the 50 Federal Plaza E. location, counsel for KeyTrust expressed surprise that the fines had not been paid and instructed the KeyBank employees to issue the payment to the court. Counsel did not object to the subject nor the amount of the payment. There are conflicting affidavits as to whether counsel for KeyTrust or any other employees of KeyTrust or KeyBank raised the issue of KeyTrust and KeyBank being separate entities.
On April 14, 1999, KeyTrust and KeyBank filed a Joint Motion and Memorandum for an order to return the funds seized. KeyBank now alleged KeyBank and KeyTrust were separate legal entities and the seizure was from the wrong entity. A hearing was set for April 29, 1999.
On April 15, 1999 KeyTrust appealed (99 C.A. 96) the March 30, 1999 Seizure and Show Cause Orders of the Probate Court.
On April 29, 1999, after a hearing on KeyTrust's and KeyBank's joint April 14, 1999 Motion, the trial court ordered KeyTrust to pay KeyBank the $10,868.21 taken in fines and costs from KeyBank.
This instant mandamus action was filed on May 3, 1999 by KeyBank.
In this mandamus action KeyBank requests this court to vacate the March 30, 1999 seizure order issued by the respondent Probate Court and to order the respondent to return to KeyBank the seized funds of $10,868.21 plus interest. Relator also asks this court to vacate the Contempt Fine Order of April 29, 1999 whereby the respondent ordered KeyTrust to reimburse the fines of $10,868.21 to KeyBank.
Relator alleges that the March 30, 1999 seizure order should be vacated since the court had no jurisdiction to seize funds from KeyBank since KeyBank was not served summons, did not appeal, and was not a party to the underlying cases in question. Relator also alleges that the April 29, 1999 Contempt Fine Order is contrary to law since R.C. 2949.11 mandates that, "All fines shall be paid into the treasury of the county in which such fine was assessed." Relator goes on to allege that the respondent was without jurisdiction to issue the April 29, 1999 order since it was divested of jurisdiction when KeyTrust filed its notice of appeal on April 14, 1999 of the March 30, 1999 Seizure Orders, etc.
For a writ of mandamus to be granted, the relator must demonstrate: (1) that the relator has no plain and adequate remedy in the ordinary course of law; (2) that the respondent is under a clear legal duty to perform some act or acts; and (3) that relator has a clear legal right to the relief prayed for. See State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
Relator in this case does not have a clear legal right to have the Probate Court vacate its March 30, 1999 Seizure Order. Even if KeyTrust and KeyBank are separate legal entities, the trial court was well within its discretion to order the contempt fines and costs seized from KeyTrust since KeyTrust was found to be in contempt on three different occasions, (April 30, 1998, October 30, 1998 and again on November 12, 1998). None of these contempt findings were appealed by KeyTrust. No finding of contempt has been made against KeyBank. Also, although KeyBank and KeyTrust assert that they are separate legal entities, they acted in this matter as if they were one entity. Both entities utilize the same address (50 Federal Plaza E.). Also when the Sheriff and the Probate Court representative demanded payment of the fines, etc. at the bank/trust location, the attorney for the trust acted as if he were an agent for the bank and ordered the bank to pay the fines. (See affidavits of Magistrate Sturgeon and affidavit of Judge Maloney.)
Relator's allegation that R.C. 2947.11 mandates that respondent return the funds to KeyBank is without merit. R.C. 2947.11 only requires that any officer who collects a fine pay it into the county's treasury. The fines recovered by the court were paid into the court's clerk of courts as required. There is nothing in the statute that says that the court could not order
KeyTrust to reimburse KeyBank for the funds received from KeyBank. At the time the court ordered KeyTrust to pay KeyBank both were under the jurisdiction of the Probate Court by virtue of the relator's April 14, 1999 Joint Payback Motion, and KeyBank's and KeyTrust's entry of appearance on this matter.
From the above, it is clear that respondent is under no clear legal duty to vacate the March 30, 1999 Seizure Order nor its April 29, 1999 reimbursement orders.
Finally, relator had a plain and adequate remedy in the ordinary course of law, that being a separate appeal of the April 29, 1999 reimbursement order of the court.
For all the reasons cited above, relator's request for Writ of Mandamus is without merit.
Relator's Complaint dismissed. Costs taxed against relator.
Final order. Clerk to serve notice on counsel.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE
GENE DONOFRIO, JUDGE, JOSEPH J. VUKOVICH, JUDGE.