{¶ 1} Relator, John W. Timson, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondents to provide him with certain records which relator indicates Ronald D. Edwards has failed to provide in response to a public records request.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate converted respondents' motion to dismiss to a motion for summary judgment and decided that the requested writ of mandamus should be denied. No objections have been filed to the magistrate's decision.
 {¶ 3} Finding no error of law or other defect upon the face of the magistrate's decision and following an independent review of the record, this court adopts the magistrate's decision as its own and the requested writ of mandamus is denied.
Writ of mandamus denied.
BRYANT and LAZARUS, JJ., concur.
 IN MANDAMUS ON MOTION FOR SUMMARY JUDGMENT {¶ 4} Relator, John W. Timson, has filed this original action requesting that this court issue a writ of mandamus ordering respondents, Governor Robert Taft and Ronald Edwards, the Director of the Governor's Office of Veteran's Affairs, to provide him with certain documents which relator indicates respondent Edwards has failed to do in response to his public records request. Respondents have filed a motion to dismiss which this magistrate has converted to a motion for summary judgment.
Findings of Fact:
 {¶ 5} On July 28, 2002, relator addressed a letter to respondent Edwards seeking copies of any rules adopted for the training, education, certification and duties of the Veteran's Service Commission, copies of Ohio Adm. Code 5902-1-01 and 5902-1-02, a training transcript reflecting when certain commissioners received training, and certificates indicating that certain individuals are "certified" commissioners.
 {¶ 6} Pursuant to the affidavit of Mr. Edwards, relator's public records request was received by him on August 19, 2002. On August 29, 2002, Edwards states that he provided relator with copies of all identifiable records which were responsive to relator's request. He also notified relator that training records prior to 1998 no longer exist and that training certificates are maintained by the county veteran service commission.
 {¶ 7} On August 27, 2002, relator filed the instant mandamus action requesting that respondent Governor Taft be ordered to appoint a new director for the Governor's Office of Veteran's Affairs and that respondent Edwards be ordered to provide him with copies of the documents he requested in his August 19, 2002 letter.
 {¶ 8} On September 24, 2002, respondents filed a motion to dismiss which this magistrate converted to a motion for summary judgment. As indicated previously, respondents have filed the affidavit of respondent Edwards indicating that all documents which were in the custody of respondent Edwards' office have been sent to relator in response to his request.
 {¶ 9} Relator has filed a memorandum contra indicating that respondents only responded to his request after he filed his complaint for a writ of mandamus and indicating that respondents have failed to provide him with all the documents he requested.
 {¶ 10} This matter is now before this magistrate on the motion for summary judgment.
Conclusions of Law:
 {¶ 11} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondents are under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28.
 {¶ 12} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280. Accordingly, any party moving for summary judgment must satisfy a three-part inquiry showing: (1) that there is no genuine issue as to any material fact; (2) that the party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 13} In accordance with Civ.R. 56(E):
 {¶ 14} "* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."
 {¶ 15} In the present case, relator cites absolutely no authority for his argument that he is entitled to a writ of mandamus ordering respondent Governor Taft to appoint a new director for the Governor's Office of Veteran's Affairs. Relator can not establish entitlement to a right to a writ of mandamus in this regard and summary judgment in favor of respondent Governor Taft is appropriate.
 {¶ 16} With regard to relator's public records request, respondent Edwards has submitted an affidavit to this court specifically indicating that all documents in the possession of respondent which satisfy relator's request have been sent to relator. In his memorandum contra, relator indicates that he received certain documents from respondent; however, he argues that respondent has failed to provide him with all the documents in respondent's possession.
 {¶ 17} As a director of the Governor's Office of Veteran's Affairs, respondent Edwards is responsible for maintaining the public records of that office and is the person in the best position to know what documents are actually kept in the possession of his office. The fact that relator believes, no matter how sincerely, that respondent has other documents which his office has failed to provide him is irrelevant in the face of respondent Edwards' sworn affidavit that respondent has provided relator with all the documents in the possession of his office. Because respondent Edwards has submitted an affidavit as indicated in Civ.R. 56 attesting to certain facts, relator may not rest upon the mere allegations of his pleadings but must, by affidavit or as otherwise provided in Civ.R. 56, set forth specific facts showing that there is a genuine issue for trial. Relator has failed to do so. Furthermore, inasmuch as respondent has provided relator with documentation which respondent asserts meets his public records request, the matter is moot and judgment must be rendered in favor of respondent Edwards.
 {¶ 18} Because relator is clearly not entitled to a writ of mandamus ordering respondent Governor Taft to appoint a new director, and because respondent Edwards has established, by affidavit, that all documents in respondent Edwards' possession which meet relator's public records request have been provided to relator, summary judgment is appropriate and should be granted in favor of respondents.