{¶ 1} Relator, John W. Timson, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, David Bradley, Director of the Franklin County Veterans Service Commission, to process relator's emergency request for assistance and to produce certain financial records.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided the requested writ of mandamus should be denied. No objections have been filed to the magistrate's decision.
 {¶ 3} Upon a review of the magistrate's decision and an independent review of the record, this court finds there is no error of law or other defect on the face of the magistrate's decision and adopts it as its own. Therefore, the requested writ of mandamus is denied.
Writ of mandamus denied.
TYACK and BROWN, JJ., concur.
 IN MANDAMUS ON MOTION FOR SUMMARY JUDGMENT {¶ 4} Relator, John W. Timson, has filed this original action requesting that this court issue a writ of mandamus ordering respondent David Bradley, Director of the Franklin County Veterans' Service Commission, to do the following: (1) take, timestamp and process relator's emergency request for assistance; (2) process relator's emergency request like all other applications; and (3) to produce certain financial records which relator requested.
Findings of Fact:
 {¶ 5} 1. On June 7, 2002, relator filed the instant mandamus action against respondent asking that this court order respondent to accept his emergency request for assistance, process that application, and produce certain requested financial records.
 {¶ 6} 2. On July 15, 2002, respondent filed a motion to dismiss which this magistrate has converted to a motion for summary judgment. Attached to the motion is the affidavit of Nelson Waldrop, an investigator at the Franklin County Veterans' Service Commission. Pursuant to the affidavit, Mr. Waldrop's job involves, among other things, obtaining information and verifying that information from Franklin County veterans applying to the commission for financial assistance. Mr. Waldrop indicates that he is familiar with the contents of relator's application seeking emergency relief. Pursuant to the affidavit, Mr. Waldrop indicates that relator's application was presented to the commission for review on May 8, 2002. On that date, the application was denied and relator was sent notice of this decision. Relator requested that the commission reconsider its denial. The commission did reconsider its denial of relator's application and denied that application for a second time on May 22, 2002. Relator then requested the opportunity to appear before the commission to present his application. Relator appeared at the June 12, 2002 meeting of the commission. At that time, relator's application was again denied.
 {¶ 7} 3. Furthermore, with regard to relator's public records request, respondent indicates that the information relator requested has been compiled and, at the time the motion was drafted, those documents were ready for relator to pick up.
 {¶ 8} 4. In his memorandum contra, relator continues to assert that his motion for emergency assistance has not been processed. Relator admits that respondent has provided him with a copy of the annual report; however, relator contends that that does not meet with his request for the "last financial report."
 {¶ 9} 5. This matter is now before this magistrate on the motion for summary judgment.
Conclusions of Law:
 {¶ 10} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that respondent has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 11} Pursuant to Civ.R. 56, summary judgment may be rendered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment may not be rendered unless it appears that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom this motion is made. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64.
 {¶ 12} Upon review of the record and consideration of the affidavit of Mr. Waldrop, this magistrate finds that respondent has processed relator's emergency request for assistance. By way of affidavit, respondent has established that the request has been processed and has been denied. Civ.R. 56(E) provides that when a motion for summary judgment is made and supported by affidavit, an adverse party may not rest upon the mere allegations or denials in their pleadings but must, by affidavit or otherwise, set forth specific facts showing that there is a genuine issue for trial.
 {¶ 13} In the present case, relator has supplied no evidence that would contradict the affidavit of Mr. Waldrop which indicates that his application has been processed and denied. As such, in this regard, summary judgment in favor of respondent is appropriate and relator's request for a writ of mandamus must be denied.
 {¶ 14} With regard to relator's request for an annual report from respondent, relator admits in his memorandum contra that respondent provided him with an annual report. The problem is that relator is, at this time, not satisfied with that report. However, respondent has provided relator with the documents he requested. As such, respondent is likewise entitled to summary judgment on this issue and relator's request for a writ of mandamus should be denied.
 {¶ 15} Because respondent has processed relator's emergency request for assistance and because respondent has provided relator with the documents he requested in his public records request, it is this magistrate's decision that respondent is entitled to summary judgment and this court should grant summary judgment in favor of respondent.