{¶ 1} John W. Timson filed this action requesting that an array of Franklin County officer holders be compelled to take action desired by Mr. Timson.
 {¶ 2} In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings.
 {¶ 3} The respondents filed a motion to dismiss the action. The magistrate converted the motion to a motion for summary judgment. Mr. Timson did not reply to the motion. As a result, the magistrate issued a magistrate's decision which included a recommendation that summary judgment be granted. (Attached as Appendix A.)
 {¶ 4} Mr. Timson has not filed objections to the magistrate's decision. The case is now before this court for review.
 {¶ 5} No error of law or fact is present in the face of the magistrate's decision. We therefore adopt the findings of fact and conclusions of law contained in the magistrate's decision. We grant summary judgment to the respondents.
Summary judgment granted; writs of mandamus denied.
BRYANT, J., and PETREE, P.J., concur.
 IN MANDAMUS ON RESPONDENTS' MOTION FOR SUMMARY JUDGMENT {¶ 6} Relator, John W. Timson, has filed a complaint asserting four causes of action requesting that respondents provide him with certain documents he requested, provide him with an itemized budget of revenues, assign a special prosecutor to investigate the Franklin County Commissioners, and ordering respondent Judge Watson to act upon a complaint filed by relator. Respondents have filed a motion to dismiss which has been converted to a motion for summary judgment.
Findings of Fact:
 {¶ 7} 1. On December 4, 2002, relator filed a complaint seeking the following: (1) that certain named respondents be ordered to provide him with the public records he requested August 12, 2002; (2) that certain named respondents be ordered to provide him with a copy of their itemized budget; (3) that certain other named respondents be ordered to take action against the Franklin County Commissioners against whom relator has filed a criminal complaint regarding theft in office; and (4) that respondent Judge Watson be ordered to act upon relator's complaints and that relator be awarded damages.
 {¶ 8} 2. On January 2, 2003, respondents filed a motion to dismiss which this magistrate has converted to a motion for summary judgment.
 {¶ 9} 3. In their motion, respondents indicate that the public records which are the subject of relator's August 2002 request for documents have been made available to relator, but that relator has not picked the documents up.
 {¶ 10} 4. Relator has not filed a response to respondents' motion.
 {¶ 11} 5. The matter is now before this magistrate on respondents' motion for summary judgment.
Conclusions of Law:
 {¶ 12} The Ohio Supreme Court has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 13} Pursuant to Civ.R. 56(C), summary judgment may be rendered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment may not be rendered unless it appears that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64.
 {¶ 14} With regard to relator's first cause of action, the record indicates that respondents have indeed complied with this August 2002 public records request by making the documents available to relator. As such, respondents are entitled to judgment as a matter of law on this cause of action.
 {¶ 15} In his second cause of action, relator contends that respondents have failed to provide him with an itemized budget; however, in paragraph 22 of his complaint, relator asserts that respondents did indeed provide him with a copy of a budget. However, relator contends that respondents have falsely advised him that attached exhibit three was the lawful budget. Relator contends that respondents have deceived both him and the public and that the budget they have provided him is false.
 {¶ 16} By his own complaint, relator has stated that respondents did comply with his request that he be provided with a copy of the budget. The fact that relator believes this budget to be false cannot be remedied through a mandamus action. As such, respondents are entitled to judgment on this cause of action as well.
 {¶ 17} In his third cause of action, relator contends that the office of respondent prosecuting attorney must bring criminal charges against Franklin County Commissioner Dewey Stokes because relator presented a complaint against Commissioner Stokes. However, relator has no right to force the office of the prosecuting attorney to bring charges against anyone, including Commissioner Stokes, and respondents are entitled to judgment on this cause of action as well.
 {¶ 18} In his fourth cause of action, relator contends that Franklin County Judge Watson should be ordered to act on relator's assertions that the Commissioners of the Franklin County Veterans Service Commission have been violating the law. As stated in the preceding paragraph, relator is not entitled to a writ of mandamus to compel a judge to bring charges against and prosecute the Commissioners of the Franklin County Veterans Service Commission simply because relator asserts that he should. Respondents are entitled to judgment on this cause of action as well.
 {¶ 19} Based on the foregoing, this magistrate finds that respondents are entitled to judgment as a matter of law on all four of the causes of action asserted in relator's December 2, 2002 complaint, and summary judgment should be granted in favor of respondents by this court.