DECISION ON OBJECTIONS TO MAGISTRATE'S DECISION
{¶ 1} Relator, Vaughn Industries, LLC, commenced this original action requesting a writ of mandamus that orders respondents Ohio Department of Commerce and Doug White, Director of the Ohio Department of Commerce, to refrain from their current investigation of six prevailing wage complaints filed by the International Brotherhood of Electrical Workers, Local Union No. 8 ("IBEW"), to apply the terms of a 1997 settlement agreement between the Ohio Bureau of Employment Services and relator, and to resolve pursuant to the terms of that settlement agreement the issue of whether any prevailing wage violations occurred.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate concluded that (1) pursuant to R.C. 4115.16, "the director ceased investigating the complaints and there is no action, at this time, for this court to order the director to take"; and (2) "[t]he settlement agreement entered into in 1997 does not constitute a decision rendered by the director [pursuant to R.C. 4511.131] relative to the issue raised in 1997." (Magistrate's Decision, at ¶ 23, 26.) Accordingly, the magistrate determined this court should grant respondents' motion to dismiss.
 {¶ 3} Relator filed the following objections to the magistrate's conclusions of law:
(1) The Magistrate Erred in Holding That This Court Does Not Have Jurisdiction Over This Mandamus Petition; and
(2) The Magistrate Erred In Holding That The 1997 Settlement Agreement Was Not A Decision Of The Director To Which The Director Is Bound By Operation Of O.R.C. § 4115.131; and
(3) The Magistrate Erred in Holding that Relator has an Adequate Remedy at Law in the Court of Common Pleas Actions.
Because the objections are interrelated, we discuss them jointly. Together they reargue the matters addressed in the magistrate's decision.
 {¶ 4} The magistrate properly concluded that, under the facts of this case, that R.C. 4115.16, required the director to "cease investigating or otherwise acting upon the complaint filed" concerning alleged prevailing wage violations. As a result, this court, as the magistrate properly noted, cannot order the director to take action on the alleged violations. Moreover, and despite relator's contentions to the contrary, the settlement agreement entered into in 1997 is not a decision of the director that forms "the basis for decision of any complaint on the same facts filed pursuant to sections 4115.03 to 4115.16 of the Revised Code." R.C. 4115.131.
 {¶ 5} Given those premises, the magistrate properly concluded relator has an adequate remedy at law. In the common pleas court, where the wage complaints are pending, relator may assert as a defense the 1997 settlement and determine its application to the current complaints and, potentially, future complaints that may arise. Because relator has an adequate remedy at law, this court may not issue a writ of mandamus. SeeState ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28. Accordingly, relator's objections are overruled.
 {¶ 6} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, we grant respondents' motion to dismiss, as relator's complaint fails to state a claim on which relief can be granted in light of relator's adequate remedy at law.
Objections overruled; motion to dismiss granted; case dismissed.
Klatt and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Vaughn Industries, LLC, :
 Relator, :
 v. : No.
05AP-168 Ohio Department of Commerce and : (REGULAR CALENDAR)
Doug White, Director of Commerce, :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on May 23, 2005 Ross, Brittain Schonberg Co., L.P.A., Alan G. Ross and David T.Andrews, for relator.
Jim Petro, Attorney General, Michael D. Allen and Megan H. Boiarsky,
for respondents.
IN MANDAMUS.
 ON RESPONDENTS' MOTION TO DISMISS {¶ 7} Relator, Vaughn Industries, LLC, has filed this original action requesting that this court issue a writ of mandamus ordering respondents Ohio Department of Commerce and Doug White, Director of the Ohio Department of Commerce to refrain from their current investigation of six prevailing wage complaints filed by the International Brotherhood of Electrical Workers, Local Union No. 8 ("IBEW"), in the manner in which those complaints are being investigated and ordering respondents to apply the terms of a 1997 settlement agreement between the Ohio Bureau of Employment Services ("OBES") and relator and to resolve the issue of whether there have been any violations consistent with the terms of that settlement agreement.
Findings of Fact:
 {¶ 8} 1. In 1995, the Department of Industrial Relations, predecessor to respondent Ohio Department of Commerce ("department"), investigated Vaughn Industries, Inc., with respect to compliance with the Ohio prevailing wage law as found in R.C. 4115.03 et seq. The complaints involved the determination of credits relating to the medical benefits fund and relator's Voluntary Employees' Beneficiary Association ("VEBA").
 {¶ 9} 2. Relator asserts that, in reliance upon this settlement agreement, relator has continued to contribute to VEBA and that the structure of VEBA has not changed since the settlement agreement was signed.
 {¶ 10} 3. On January 3, 2005, the department received six prevailing wage complaints all filed by IBEW pursuant to R.C. 4115.16(A). The complaints were all filed against relator.
 {¶ 11} 4. According to relator's complaint, each of the complaints currently filed against relator by IBEW deal with relator's contributions to VEBA.
 {¶ 12} 5. In response to the complaints, the department commenced an investigation into relator's compliance with the prevailing wage loss statutes.
 {¶ 13} 6. During the course of the investigation, the department inquired about relator's contributions to VEBA, specifically the rate of contribution to VEBA on behalf of employees and information regarding the benefits paid out from VEBA. Specifically, the following information was requested:
1. Names of all of the employees on the six projects and time frames on each project;
2. A copy of the vacation check or report of payment for each employee in #1 for 2004;
3. A copy of the cancelled checks for the 12 monthly health insurance premiums for 2004;
4. A list of all eligible employees for the VEBA in 2004;
5. A copy of the cancelled checks for the short term disability, long term disability, and life insurance for 2004.
 {¶ 14} 7. Relator asserts that the above inquiry seeks information which is improper and violates the settlement agreement entered into in 1997.
 {¶ 15} 8. The 60-day period referred to in R.C. 4115.16(B), during which the department has authority to act on the complaints, expired on March 4, 2005. The department did not rule on the merits of any of the above six complaints within that timeframe.
 {¶ 16} 9. IBEW filed complaints in the common pleas court of the counties in which the six respective violations were alleged to have occurred, pursuant to R.C. 4115.16(B).
 {¶ 17} 10. Relator requests that this court issue a writ of mandamus ordering the department to abide by the terms of the settlement agreement and to find that relator's contributions to VEBA may be credited towards its prevailing wage obligation. Furthermore, relator requests this court issue a writ of mandamus ordering the department to limit its questions and investigations in a manner which does not contradict the settlement agreement.
 {¶ 18} 11. On April 6, 2005, respondents filed a motion to dismiss asserting that relator has an adequate remedy in the common pleas courts where the actions have been filed and that, by law, once those complaints have been filed, the department is to refrain from taking further action on the prevailing wage disputes.
 {¶ 19} 12. Respondents' motion to dismiss is currently before the magistrate for review.
Conclusions of Law:
 {¶ 20} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28. For the reasons that follow, this magistrate concludes that relator is not entitled to a writ of mandamus.
 {¶ 21} R.C. 4115.16 provides, in pertinent part, as follows:
(A) An interested party may file a complaint with the director of commerce alleging a violation of sections 4115.03 to 4115.16 of the Revised Code. The director, upon receipt of a complaint, shall investigate pursuant to section 4115.13 of the Revised Code. * * *
(B) If the director has not ruled on the merits of the complaint within sixty days after its filing, the interested party may file a complaint in the court of common pleas of the county in which the violation is alleged to have occurred. The complaint may make the contracting public authority a party to the action, but not the director. Contemporaneous with service of the complaint, the interested party shall deliver a copy of the complaint to the director. Upon receipt thereof, the director shall cease investigating or otherwise acting upon the complaint filed pursuant to division (A) of this section. The court in which the complaint is filed pursuant to this division shall hear and decide the case, and upon finding that a violation has occurred, shall make such orders as will prevent further violation and afford to injured persons the relief specified under sections 4115.03 to 4115.16 of the Revised Code. The court's finding that a violation has occurred shall have the same consequences as a like determination by the director. The court may order the director to take such action as will prevent further violation and afford to injured persons the remedies specified under sections 4115.03 to 4115.16 of the Revised Code. Upon receipt of any order of the court pursuant to this section, the director shall undertake enforcement action without further investigation or hearings.
 {¶ 22} In the present case, it is undisputed that, although the director had commenced investigating the six complaints filed by IBEW, the director has not issued a ruling on the merits of those complaints. Furthermore, it is undisputed that, once the 60 days had passed, IBEW filed complaints in the common pleas courts in the counties in which the violations were alleged to have occurred. As such, pursuant to R.C.4115.16(B), the director was to cease investigating or otherwise acting upon the complaints which had been filed by IBEW. Thereafter, the courts in which the complaints were filed were to hear and decide the cases and the court's determinations will have the same consequences as a determination issued by the director. Thereafter, upon receipt of any order of the court, the director is to enforce the action without further investigation or hearing.
 {¶ 23} Pursuant to the above statute, the director ceased investigating the complaints and there is no action, at this time, for this court to order the director to take. In this regard, respondents' motion to dismiss is appropriate.
 {¶ 24} Relative to relator's argument that respondents are not permitted to investigate relator, because of the terms of the 1997 settlement agreement, this magistrate finds that there is nothing in the settlement agreement which would preclude respondents from investigating relator for alleged violations of the statute in the future. Relator attached a copy of the settlement agreement to its complaint and argues that pursuant to R.C. 4115.131, respondents are required to apply the 1997 determination to the six complaints raised by IBEW. This magistrate disagrees.
 {¶ 25} R.C. 4115.131 provide as follows:
In the event of a specific contract dispute concerning a prevailing wage determination, a proper wage classification, or a novel or unusual situation pertaining to sections 4115.03 to 4115.16 of the Revised Code, the director of commerce may, upon request by a public authority or by a person having a contract with a public authority, cause to be made such investigation and hearing as the director deems necessary and render a decision embodying the director's findings and conclusions. Unless finally reversed on appeal to the courts, the decision of the director shall form the basis for decision of any complaint on the same facts filed pursuant to sections 4115.03 to 4115.16 of the Revised Code.
 {¶ 26} The settlement agreement entered into in 1997 does not constitute a decision rendered by the director relative to the issue raised in 1997. The settlement agreement was not appealed and that portion of R.C. 4115.131, to which relator points, which provides that "[u]nless finally reversed on appeal to the courts, the decision of the director shall form the basis for decision of any complaint on the same facts" does not apply. As such, even though relator argues that this court can adjudicate this mandamus action because this issue is capable of repetition, yet evades review, is immaterial.
 {¶ 27} Because the magistrate finds that the settlement agreement does not constitute a decision of the director which would necessarily apply to all future complaints raised by any interested party and because relator has an adequate remedy at law in the common pleas court actions, the magistrate finds that relator is not entitled to a writ of mandamus and the motion of respondents to dismiss the within action should be granted and this matter should be dismissed.