DECISION
{¶ 1} Troy Carder, and other former employees of the Lima Correctional Institution (collectively "relators"), filed this original action requesting that this court issue a writ of mandamus against respondents Scott Johnson, Director of the Ohio Department of Administrative Services ("ODAS") and Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Corrections ("ODRC") ordering respondents to rerecord relators' personnel action forms generated in response to the closure of the Lima Correctional Institution ("LCI") to indicate under the "change" section only reason number 9 "displacement" rather than category 9 "displacement" and category 4 "transfer within agency."
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this case was referred to a magistrate of this court who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate found that relators are not entitled to the relief requested, and therefore, the magistrate recommended that this court deny the requested writ of mandamus.
 {¶ 3} Relators filed the following four objections to the magistrate's decision:
[1.] The Magistrate Judge Erred In Holding That Relators Have Not Demonstrates (sic) A Clear Legal Right To Have Their Public Employment Records Made Accurate And Truthful.
[2.] The Magistrate Judge erred In Holding That Relators Have Failed To Demonstrate That Respondents Acted In A Manner That Warrants A Mandamus Action.
[3.] The Magistrate Judge Erred In Holding That Relators Have A Plain And Adequate Remedy At Law By Way Of The Grievance Procedure Of Their Collective Bargaining Agreement.
[4.] The Magistrate Judge Erred In Reaching A Conclusion That Fails To Focus On The Legal Duty Respondents Clearly Owes Relators.
 {¶ 4} Having made an independent review of this matter, we adopt the magistrate's findings of fact, and need not reiterate them here. We now turn to relators' objections. Because our ruling on relators' third objection is dispositive, we will address it first. As provided by the magistrate, the Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v.McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 5} While the magistrate found all three of these requirements to be lacking, there need only be one lacking to result in a denial of a requested writ of mandamus. Because we find that relators have a plain and adequate remedy in the ordinary course of the law, we accept the magistrate's recommendation and deny the requested writ of mandamus.
 {¶ 6} Present in this case is an Ohio Civil Services Employee Association ("OCSEA") collective bargaining agreement ("CBA") that contains a provision for final and binding grievance arbitration. It is relators' position that the matter complained of, i.e., the manner in which public records are coded and/or kept, is not covered by the CBA. However, as reasoned by the magistrate, to the extent that relators, in the future, are not treated properly as a result of the closures and layoffs from LCI, the CBA provides a method whereby they can initiate a grievance and arbitrate the matter. Thus, relators have an adequate remedy at law by way of the grievance procedures in their CBA. Accordingly, we overrule relators' third objection to the magistrate's decision, and find that relators are not entitled to the requested writ of mandamus.
 {¶ 7} Due to our finding that relators have an adequate remedy at law, we need not address relators' remaining objections, as they are rendered moot.
 {¶ 8} For the foregoing reasons, relators' third objection is overruled, and relators' first, second, and fourth objections are overruled as moot. We adopt, as our own, the magistrate's findings of fact and conclusions of law that pertain to the CBA constituting an adequate remedy at law. In accordance with the magistrate's decision, relators' request for a writ of mandamus is hereby denied.
Objections overruled; writ of mandamus denied.
Sadler and Travis, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel.] Troy Carder et al., : Relators, : v. : No. 05AP-188 Director Scott Johnson, Ohio Department : (REGULAR CALENDAR) of Administrative Services and Director : Reginald Wilkinson, Ohio Department of : Rehabilitation and Corrections, : Respondents. :
 MAGISTRATE'S DECISION Rendered on September 19, 2005 Carrie M. Varner, for relators.
Jim Petro, Attorney General, Jack W. Decker and Monica L.Rausch, for respondents.
 IN MANDAMUS {¶ 9} Relators Troy Carder[1] et al., have filed this original action requesting that this court issue a writ of mandamus against respondents Scott Johnson, Director of the Ohio Department of Administrative Services ("ODAS") and Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Corrections ("ODRC") ordering respondents to rerecord their personnel action forms generated in response to the closure of the Lima Correctional Institution ("LCI") to indicate under the "change" section only reason number 9 "displacement" rather than category 9 "displacement" and category 4 "transfer within agency."
Findings of Fact:
 {¶ 10} 1. According to relators' amended complaint, on June 27, 2004, relators lost their jobs when the LCI was closed and those employees (relators herein) were reassigned to positions at other facilities.
 {¶ 11} 2. Relators were each sent letters generated May 20, 2004, from the ODRC and signed by Terry Tibbals as warden, informing them, in general, as follows:
In accordance with Article 18 of the OCSEA Contract, your bumping/displacement rights were exercised[.] As a result of the paper layoff conducted May 11 through May 13, 2004, we can inform you that after an analysis of the replies received you are able to displace into another position effective June 27, 2004[.] This action is based on your state seniority credits of [number of credits of each individual.]
Therefore[,] due to the closure of the Lima Correctional Institution you are being displaced from[:]
Institution LCI
* * *
to the following position
Institution ACI
* * *
Please check with the Personnel Officer at ACI regarding your schedule, hourly rate and step in your new position[.]
In the event you were displaced out of your classification or appointment type you shall have recall rights in your same, similar, or related classification series within the recall jurisdiction based upon your selection(s) on the attached ADM 4138 (See Appendix J of the Collective Bargaining Agreement) for a period of twenty-four (24) months provided you meet the minimum qualifications as stated in the classification specification (Per Article 18 11 of the contract between the State of Ohio and OCSEA)[.]
In the event you were displaced out of your classification or appointment type you will also retain re-employment rights to your original classification to other agencies within the re-employment jurisdiction for the same period[.] You have the option to select the counties for re-employment that you would desire to be on the re-employment list for future employ-ment[.] The county list is attached (Per Article 18 13 of the contract between the State of Ohio and OCSEA)[.]
Both reinstatement and re-employment will be based upon your state seniority credits and every attempt will be made to place you in a position similar to your present one as soon as possible[.] Reinstatement and re-employment will be con-ducted in accordance with Article 18 of the OCSEA Contract[.]
Please complete the attachment within five (5) calendar days of receipt of this letter and return it to your Personnel Office[.] It is your responsibility to maintain a current address with your Personnel Office[.]
If you wish to appeal your layoff you must file a written grievance pursuant to Article 25 of the OCSEA Contract within fourteen (14) days of receipt of the letter[.] The grievance should be forwarded to the Bureau of Labor Relations 1050 Freeway Drive Columbus Ohio 43229[.]
 {¶ 12} As stated previously in the opening paragraph, personnel action forms were generated for each relator as well. Those personnel action forms provided much of the same information contained on the above-quoted letter indicating the move from LCI to another correctional institution. Furthermore, each personnel action form contains five separate sections entitled "appointment," "change," "separation," "interruption," and "reinstatement." Under the category "change" for each of the relators, "displacement" and "transfer within agency" were both checked. For some of the relators, a third box was also checked, box number 30 entitled "HQ county change" indicating the particular relator was moved to a position in a different county. Under the "remarks" section of each personnel action form, information was also included for each relator similar to that which was recorded on the personnel action form for Robert M. Reynolds: "C04/C09 Displaced to 501-423 Seniority/Retention points 256 0."
 {¶ 13} 3. On February 28, 2005, relators filed a mandamus action in this court and filed an amended complaint on July 1, 2005. Relators assert that respondents have failed to correctly indicate their change in employment status on the personnel action forms. Relators contend that by marking two boxes, both "displacement" and "transfer within agency," respondents have either actually negatively affected or have potentially negatively affected relators' seniority rights relative to their Collective Bargaining Agreement ("CBA").
 {¶ 14} 4. This action has been submitted to the magistrate for review.
Conclusions of Law:
 {¶ 15} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 16} According to relators' argument, respondents have an obligation to maintain public records accurately. Respondents do not disagree that they are required to maintain public records accurately and this magistrate agrees that respondents are required, by law, to maintain accurate records. Respondents raise numerous arguments alleging either that relators do not have standing to bring this action because they cannot demonstrate any harm to themselves or that any inaccuracies in the forms completed are immaterial. After careful consideration of all the evidence presented and the numerous arguments raised by both relators and respondents, this magistrate finds that relators are not entitled to a writ of mandamus.
 {¶ 17} In specifically looking at the personnel action forms themselves, this magistrate finds that relators cannot demonstrate that those forms have actually been inaccurately maintained. Specifically, although each of the forms indicates both "displacement" as well as a "transfer within agency," each form contains information in the remarks section indicating that the employees were "displaced" and indicates the employees' seniority/retention points. None of the within relators have argued that their "seniority/retention points" have been inaccurately identified on the personnel action forms. Instead, relators seem to be arguing that some day in the future, their seniority may be misconstrued under their CBA because respondents have marked more than one box on the personnel action form. Relators indicate that "transfers" are understood to be generated by the employee whereas "displacements" occur when an employee is moved from one institution to another because of institutional layoffs. According to relators' CBA as well as portions of Ohio Revised Code Section 124, "transfers" are, in different situations, construed differently and employees have certain rights depending on the type of action taken. Relators argue that there is no evidence to support the checking of a box "transfer within agency" as there is no evidence to support that a transfer occurred in accordance with Article 17 of the CBA. However, and relators do not contend otherwise, any future misapplication of seniority rights can be arbitrated pursuant to the CBA.
 {¶ 18} Article 25 of the CBA provides the procedure for grievances and defines a grievance as follows:
A grievance is defined as any difference, complaint or dispute between the Employer and the Union or any employee regarding the application, meaning or interpretation of this Agreement. The grievance procedure shall be the exclusive method of resolving grievances. No employee who has rights to final and binding arbitration of grievances, including dis-ciplinary actions, may file any appeal with the State Personnel Board of Review nor may such Board receive any such appeal.
 {¶ 19} Relators further contend that, pursuant to R.C.124.324(E): "If an employee exercising displacement rights must displace an employee in another county within the same layoff district, the displacement shall not be construed to be a transfer."
 {¶ 20} Although relators have not explained what adverse consequences either have occurred or will occur as a result of both boxes being checked on their personnel action forms, as the magistrate stated previously, each personnel action form for the within relators specifically indicates in the remarks section that that employee was displaced. Furthermore, R.C. 124.324(E) cited by relators would only pertain to those relators who displaced an employee in another county. The majority of the relators involved in this within action displaced employees within the same county and, as such, R.C. 124.324(E) does not even apply to the majority of these relators. Again, as stated previously, relators do not even argue that any adverse action has been or even will definitely be taken. Further, to the extent that relators, in the future, are not treated properly as a result of the closures and layoffs from LCI, the CBA provides a method whereby they can initiate a grievance and arbitrate the matter.
 {¶ 21} Because the magistrate finds that relators have not demonstrated a clear legal right to the relief requested, nor have relators demonstrated that respondents failed to take any action and because relators have a plain and adequate remedy by way of the grievance procedures of their CBA, this magistrate finds that relators are not entitled to a writ of mandamus and this court should deny their request.
[1] There are approximately 186 relators who are former employees of the Lima Correctional Institution whose job status was affected when the Lima Correctional Institution in Allen County, Ohio closed.