THE STATE, EX REL. BERGER, APPELLANT, *v.*
MCMONAGLE, JUDGE, ET AL., APPELLEES.

[Cite as State, ex rel. Berger, *v.* McMonagle (1983), 6 Ohio St. 3d 28.]

(No. 82-1139—Decided July 13, 1983.)

*Mr. Sanford J. Berger, pro se,* and *Mr. Robert M. Fertel,* for appellant.

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. Thomas P. Gill* and *Mr. Patrick Carroll,* for appellees.

*Per Curiam.* This court has consistently held that in order for a writ of mandamus to issue the relator must demonstrate "(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law." *State, ex rel. Harris,* v. *Rhodes* (1978), 54 Ohio St. 2d 41, 42 [8 O.O.3d 36]; *State, ex rel. Heller,* v. *Miller* (1980), 61 Ohio St. 2d 6 [15 O.O.3d 3], paragraph one of the syllabus; *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42 [15 O.O.3d 53], paragraph one of the syllabus.

In order for a writ of prohibition to lie, the following three requirements must be satisfied: "(1) the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power; (2) the exercise of such power is unauthorized by law; and (3) it will result in injury for which no other adequate remedy exists." *Ohio Bell* v. *Ferguson* (1980), 61 Ohio St. 2d 74, 76 [15 O.O.3d 117]; *State, ex rel. Rose Hill Burial Park,* v. *Moser* (1982), 1 Ohio St. 3d 13, 14; *State, ex rel. Dow Chemical Co.,* v. *Court* (1982), 2 Ohio St. 3d 119, 120.

In support of the request for a writ of mandamus, appellant argues that pursuant to C.P. Sup. R. 4,[1] Judge Spellacy was required to have the remanded proceeding assigned by lot to a duly elected judge of the court of common pleas. Assuming, *arguendo,* that the proceeding was improperly transferred from Judge Sweeney, in spite of C.P. Sup. R. 3(B)[2] and 9,[3] which

---

[1] C.P. Sup. R. 4 provides:

"For the purpose of these rules, the individual assignment system is that system whereby, upon the filing in, or transfer to, a division of the court of a civil case, or upon arraignment in a criminal case, a case is immediately assigned by lot to a judge thereof, who thus becomes primarily responsible for the determination of every issue and proceeding in the case until its termination. Under such system, all preliminary matters, including requests for continuances, must be submitted for disposition to the judge to whom the case has been assigned, or if he is unavailable to the administrative judge.

"Each multi-judge general division of each court of common pleas shall adopt the individual assignment system as defined herein for the assignment of all cases to judges of the division for disposition."

[2] C.P. Sup. R. 3(B) provides, in pertinent part:

"The administrative judge shall be the presiding officer of his division and shall have full responsibility for and control over the administration, docket and calendar of the division which he serves. He shall cause cases to be assigned to the judges within the division and shall require such reports from each judge concerning the status of assigned cases as he may require to assist him in discharging his overall responsibility for the observance of these superintendence rules and for the termination of cases in his division without undue delay."

[3] C.P. Sup. R. 9 provides:

"Nothing in these superintendence rules prevents any local rule of practice which seeks to

enable the administrative judge to implement procedures to facilitate the prompt disposition of cases, appellant has failed to demonstrate the absence of a plain and adequate remedy in the ordinary course of the law.

It is firmly established that the writ of mandamus will not issue "* * * where the relator has or had available a clear, plain and adequate remedy in the ordinary course of the law." *State, ex rel. Sibarco Corp.*, v. *City of Berea* (1966), 7 Ohio St. 2d 85, 88 [36 O.O.2d 75]; *State, ex rel. Leis*, v. *Outcalt* (1980), 62 Ohio St. 2d 331, 333 [16 O.O.3d 392]; *State, ex rel. Bargar*, v. *Ross* (1978), 53 Ohio St. 2d 18, 19 [7 O.O.3d 62]; *Lippert* v. *Engle* (1977), 52 Ohio St. 2d 67 [6 O.O.3d 234]; *State, ex rel. Pressley*, v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141 [40 O.O.2d 141]. Moreover, it is axiomatic that a "* * * discretionary right of appeal * * * [constitutes] a sufficiently plain and adequate remedy in the ordinary course of the law." *State, ex rel. Cleveland*, v. *Calandra* (1980), 62 Ohio St. 2d 121, 122 [16 O.O.3d 143].

Since appellant possesses an adequate remedy at law by way of appeal to the court of appeals in which he may contest the issue of an improper assignment, the court below properly dismissed the complaint for a writ of mandamus.

Likewise, the availability of an appeal is fatal to appellant's request for a writ of prohibition. This court has repeatedly held that "[p]rohibition is not concerned with the exercise of discretion by an inferior tribunal having jurisdiction of the subject matter and the parties in a cause before it. That issue is for the determination of a reviewing court," even if errors or defects exist in the proceedings. *State, ex rel. Staton*, v. *Court* (1965), 5 Ohio St. 2d 17, 22 [34 O.O.2d 10]; *State, ex rel. Gross*, v. *Marshall* (1974), 39 Ohio St. 2d 92, 94 [68 O.O.2d 54]; *State, ex rel. Dow Chemical Co.*, v. *Court, supra*, at 121. In addition, "prohibition cannot be used as a substitute for appeal," which is precisely the fashion in which appellant seeks to employ the writ. *State, ex rel. Crebs*, v. *Court of Common Pleas* (1974), 38 Ohio St. 2d 51, 52 [67 O.O.2d 61].

Appellant also contests the lawfulness of the appointment of Judge McMonagle, a retired judge, contending that Section 6(A)(3), Article IV of the Ohio Constitution requires a trial judge to have been elected and currently serving his term. That section provides in part:

"The judges of the courts of common pleas and the divisions thereof shall be elected by the electors of the counties, districts, or, as may be provided by law, other subdivisions, in which their respective courts are located * * *."

We reject appellant's contention and conclude that the aforementioned constitutional section must be read *in pari materia* with Section 6(C), Article IV of the Ohio Constitution which provides, in pertinent part:

"* * * Any voluntarily retired judge, or any judge who is retired under

---

promote the use of any device or procedure which would tend to facilitate the earlier disposition of cases, including the making of local rules of court restricting the volume of cases attorneys may undertake."

this section, may be assigned with his consent, by the chief justice or acting chief justice of the supreme court to active duty as a judge * * *."

The record conclusively demonstrates that Judge McMonagle's assignment was made in accordance with Section 6(C), Article IV of the Ohio Constitution. Moreover, that portion of Section 6(A)(3), Article IV, pertains only to the election of judges and not to the temporary assignment of a judge having been duly elected and subsequently retired under Section 6(C), Article IV of the Constitution. Accord *State* v. *Partanen* (1940), 67 Ohio App. 248 [21 O.O. 231].

For all of the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

J. P. CELEBREZZE, J., not participating.