THE STATE, EX REL. MCMINN, APPELLANT, *v.* OFFICE OF THE OHIO PUBLIC DEFENDER, APPELLEE.

(No. 85AP-296—Decided October 31, 1985.)

Ernest L. McMinn, pro se.

Anthony J. Celebrezze, Jr., attorney general, and Phillip L. Hack, for appellee.

REILLY, P.J. Appellant appeals from a judgment of the Franklin County Court of Common Pleas, dismissing his requested writ of mandamus.

Appellant brought this mandamus action against appellee, the Ohio Public Defender's Office, after that agency refused to represent him. Whereupon, he sought a writ of mandamus ordering appellee to provide legal representation in his appeal or action for postconviction relief. Appellant contends that he is not guilty of the offenses for which he is incarcerated and that appellee has not adequately investigated appellant's claim.

Nevertheless, the burden is upon appellant to show a clear legal right to the relief prayed for, a clear legal duty upon appellee to perform the act requested, and that appellant has no plain and adequate remedy at law. State, ex rel. Berger, v. McMonagle (1983), 6 Ohio St. 3d 28, 29.

Appellant seeks to indicate a clear legal right by reference to R.C. 120.06(A)(3), which reads, as follows:

"The state public defender may provide legal representation to any person incarcerated in any penal institution of the state, in any matter in which the person asserts he is unlawfully imprisoned or detained."

However, R.C. 120.06(A)(3) should be read along with R.C. 120.06(B), as the two are interrelated parts of the same section of the code. R.C. 120.06(B) reads, as follows:

"The state public defender shall not be required to prosecute any appeal, postconviction remedy, or other proceeding pursuant to division (A)(3), (4), or (5) of this section, unless he is first satisfied that there is arguable merit to the proceeding."

This section of the code definitely gives appellee discretionary powers in determining whether there is arguable merit to the requested action. In short, appellee has exercised his discretion and mandamus does not lie.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

NORRIS and NICHOLS, JJ., concur.

NICHOLS, J., of the Court of Common Pleas of Madison County, sitting by assignment in the Tenth Appellate District.