**Lisa M. POCKER, Plaintiff-Appellant,**

v.

**William F. BROWN,
Defendant-Appellee.**

**No. 86–3700.**

United States Court of Appeals,
Sixth Circuit.

Argued May 11, 1987.

Decided May 26, 1987.

John R. Vintilla, argued, Cleveland, Ohio, for plaintiff-appellant.

Jeffrey L. Sherwin, argued, Asst. Co. Prosecutor, Cleveland, Ohio, for defendant-appellee.

Before KEITH, KENNEDY and NORRIS, Circuit Judges.

CORNELIA G. KENNEDY, Circuit Judge.

Plaintiff-appellant ("appellant") appeals the District Court's dismissal of her civil rights action pursuant to Fed.R.Civ.P. 12(b)(6), (failure to state a claim upon which relief may be granted). We affirm the District Court's judgment.

Defendant-appellee, who is a retired state court judge, presided over a case in which appellant was a party. Appellant then brought suit in federal court under 42 U.S.C. § 1983, alleging that article IV, section 6(C) of the Ohio constitution, which provides that the chief justice of the Ohio Supreme Court may appoint retired judges to hear cases, violates her rights under the fourteenth amendment to the United States Constitution. Article IV, section 6(A) of the Ohio constitution provides that judges shall be elected. Appellant contends that Ohio's practice of allowing retired judges to hear cases in accordance with section 6(C) violates her right to elect judges pursuant to section 6(A).

The Ohio Supreme Court has addressed the relationship between section 6(A) and

section 6(C) of article IV, and has found no violation of state constitutional law. *See State ex rel. Berger v. McMonagle,* 6 Ohio St.3d 28, 30–31, 451 N.E.2d 225, *cert. denied,* 464 U.S. 1017, 104 S.Ct. 548, 78 L.Ed.2d 723 (1983).

 We find no federal constitutional violation. There is no federal constitutional or statutory principle that requires that state judges be elected rather than appointed. Indeed, the entire federal judiciary is appointed. Nor do we know of any reason why the appointment cannot be vested in the judicial branch. Bankruptcy judges are appointed by the Courts of Appeals and were previously appointed by the District Courts. Thus, appellant's contention that the Ohio constitution denies Ohio citizens the right to vote by allowing retired judges to be appointed to serve on the bench is without merit.

We AFFIRM the judgment of the District Court.