THE STATE, EX REL. NEDEA, APPELLANT, *v.*
CAPOTS, CHAIRMAN, ET AL., APPELLEES.

[Cite as State, ex rel. Nedea, *v.* Capots (1988), 40 Ohio St. 3d 74.]

(No. 88-364—Submitted September 8, 1988—Decided December 14, 1988.)

*Romulus Nedea*, pro se.

*Anthony J. Celebrezze, Jr.*, attorney general, and *Gary D. Andorka*, for respondents.

*Per Curiam.* Under R.C. 2967.15, the Adult Parole Authority is authorized to revoke parole when the parolee has violated the terms and conditions of his parole. Therefore, regardless of the fact that the trial court dismissed the public indecency charge, the appellant's admission of a parole violation was sufficient grounds for the revocation of this parole.

The ineffective assistance of counsel claim must also fail. A parolee is entitled to procedural due process protection; however, it has never been affirmatively decided whether a parolee is entitled to the assistance of retained counsel or to appointed counsel if he is indigent. *Morrissey* v. *Brewer* (1972), 408 U.S. 471, 489. Therefore, since appellant can establish no clear legal right or duty regarding the assistance of counsel during a parole revocation hearing, he can establish no right to the effective assistance of counsel.

To be entitled to a writ of mandamus, appellant must demonstrate that he has a clear legal right to the relief prayed for, that respondents are under a clear legal duty to perform the requested act, and the relator has no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Berger*, v. *McMonagle* (1983), 6 Ohio St. 3d 28, 29, 6 OBR 50, 51, 451 N.E. 2d 225, 226-227.

As appellant has not established a clear right to relief or a clear duty of respondent to grant relief, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.