[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 556.]

THE STATE EX REL. PIOTROWSKI, APPELLANT, *v*. INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Piotrowski v. Indus. Comm*., 2000-Ohio-424.]

*Workers' compensation—Industrial Commission's denial of change of election by claimant not an abuse of discretion, when.*

(No. 98-2519—Submitted April 26, 2000—Decided May 31, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD08-1019.

_____

{¶ 1} Appellant-claimant, Virginia Piotrowski, was injured in an industrial accident in 1986, and a workers' compensation claim was allowed for "laceration right forearm; epineurolysis of the radial nerve." An additional allowance for "muscle hypertrophy of the flexor carpi ulnaris near the right elbow" was thereafter ordered in the claim. Claimant initially missed one month of work before returning to light duty work with her employer, appellee, Kennecott Corporation, Chase Brass & Copper Company ("Kennecott"). The plant closed in 1990, and claimant secured work elsewhere.

{¶ 2} Claimant sought a determination of her percentage of permanent partial disability, and, on or about July 1989, appellee Industrial Commission of Ohio found a fifteen percent permanent partial disability ("PPD") and awarded compensation. Given the option of seeking payment as impaired earning capacity ("IEC") benefits pursuant to former R.C. 4123.57(A) or receiving it as a lump sum permanent partial disability award under former R.C. 4123.57(B), claimant elected the latter. Three and one-half years later, claimant received a four percent increase in her PPD. She also received that award under former R.C. 4123.57(B).

{¶ 3} In August 1995, claimant applied to reactivate her claim. In her application, she requested "temporary partial," *i.e*., IEC benefits. Payment of such

benefits first required, however, the commission's permission to change election. Claimant requested this permission on January 4, 1996.

{¶ 4} A district hearing officer ("DHO") ruled on claimant's reactivation request, and also authorized a change of election. On April 19, 1996, a staff hearing officer ("SHO") vacated the DHO order after finding "no legal authority which indicates that 'unforeseen circumstances' contemplates changes in the local economy as opposed to changes in physical condition."

{¶ 5} Claimant responded with two filings. She first appealed the SHO order. She then moved that the appeal be postponed until she filed for—and the commission ruled on—the additional allowance of certain conditions. Claimant, however, delayed in moving for additional allowance, and the commission, in the meantime, refused further appeal of the April 19, 1996 order.

{¶ 6} Claimant formally sought an additional allowance on June 25, 1996. On July 19, 1996, a DHO ruled on all of claimant's outstanding motions. The claim was additionally allowed for "complex regional pain syndrome, type I; reflex sympathetic dystrophy, right arm." A change of election was denied because the issue was deemed "*res judicata* as the [SHO] order dated 04-19-96 adjudicated such issue." Claimant did not appeal. Kennecott, however, appealed the additional allowance.

{¶ 7} On October 22, 1996, an SHO affirmed the DHO's order in its entirety. Although Kennecott appealed, claimant still declined to do the same. Instead, she responded with a third motion seeking a change of election.

{¶ 8} On November 21, 1996, further appeal of the October 22, 1996 order was refused. On March 31, 1997, claimant's third election motion was denied, again on *res judicata* grounds, the DHO noting claimant's failure to appeal the July 19, 1996 order. Claimant finally appealed the March 31, 1997 order, but the order was administratively affirmed.

**{¶ 9}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, asserting that the commission abused its discretion in denying her a change of election. The court of appeals denied relief, after finding that claimant had an adequate remedy in the ordinary course of law, via administrative appeal, that she did not pursue.

**{¶ 10}** This cause is now before this court upon an appeal as of right.

————————————

*Ticktin, Baron, Koepper & Co., L.P.A.*, and *Harold Ticktin*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellee Industrial Commission.

*Rademaker, Matty, McClelland & Greve* and *Kirk R. Henrikson*, for appellee Kennecott Corporation.

————————————

***Per Curiam.***

**{¶ 11}** Mandamus cannot issue when there is a plain and adequate remedy in the ordinary course of law. *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225. In this case, claimant had numerous opportunities to appeal orders denying her a change of election. Instead, she responded by repeatedly refiling the same motion, which only complicated further an already convoluted administrative path.

**{¶ 12}** Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————