DECISION
Relator, Dennis Evans, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, State of Ohio, to repair the alleged damage to his motor vehicle that allegedly occurred during or after a police seizure and impoundment of the vehicle following the execution of a search warrant and to return the vehicle to relator without any expense. Respondent has filed a motion to dismiss.
This matter was referred to a magistrate of this court, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court grant respondent's motion to dismiss. (Attached as Appendix A.) No objections have been filed to that decision.
As there have been no objections filed to the magistrate's decision, and it contains no error of law or other defect on its face, based on an independent review of the file, this court adopts the magistrate's decision including the findings of fact and conclusions of law contained in it. Respondent's motion to dismiss is granted, and relator's request for a writ of mandamus is dismissed.
Motion granted and case dismissed.
LAZARUS and BOWMAN, JJ., concur.
In this original action, relator, Dennis Evans, requests a writ of mandamus ordering respondent to repair the alleged damage to his motor vehicle that allegedly occurred during or after a police seizure and impoundment of the vehicle following the execution of a search warrant and to return to relator the vehicle without any expense to relator.
Findings of Fact:
1. On November 2, 2001, relator, an inmate of the Federal Penitentiary at Terra Haute, Indiana filed this original action. In his complaint, relator titled this action as "State of Ohio v. Dennis Evans." In the caption of the complaint, relator listed case No. 99CR-4889 which, according to the complaint, is a criminal case that resulted in a final judgment, apparently against relator. No agency or official of the state of Ohio is named as a party to this action in the caption of the complaint.
2. The record before this court shows that the clerk of court mailed a summons and copy of the complaint to "State of Ohio, 373 S. High St., 13th Floor, Columbus, Ohio 43215." This court can take notice that the address is that of the office of the Franklin County Prosecuting Attorney.
3. On December 7, 2001, the Franklin County Prosecuting Attorney's office filed a motion to dismiss this action. The motion indicates that the respondent is the "State of Ohio." The motion is supported by a memorandum asserting that this action is barred by a plain and adequate remedy at law.
4. It is clear from a reading of the complaint that the real party against whom relator seeks relief in this action is the police department of the city of Columbus ("CPD").
5. Relator failed to respond to the December 7, 2001 motion to dismiss.
Conclusions of Law:
It is the magistrate's decision that this court grant the December 7, 2001 motion to dismiss for the reasons more fully explained below.
As previously noted, it is clear that the CPD is the real party against whom relator seeks relief in this mandamus action.
According to the complaint, the CPD executed a search warrant on May 9, 1993, involving relator's motor vehicle and thereafter seized and impounded the vehicle. Relator alleges that there was no forfeiture ordered of the vehicle.
Relator alleges that his vehicle was damaged while in the possession or control of the CPD. He seeks a writ of mandamus ordering the CPD to repair the alleged damages and to return the vehicle to him. However, relator does not allege what actions, if any, he has taken to obtain the return of the vehicle.
It is well settled, in order for a writ of mandamus to issue, the relator must demonstrate (1) that he has a clear legal right to the relief prayed for, (2) that the respondent is under a clear legal duty to perform the act, and (3) that relator has no plain and adequate remedy in the ordinary course of law. State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28, 29.
The gist of relator's complaint against the CPD appears to be that of conversion or replevin. See 18 Ohio Jurisprudence 3d, "Conversion and Replevin." An action in conversion or replevin would afford relator a plain and adequate remedy in the ordinary course of law. This court does not have original jurisdiction over such actions.
Accordingly, it is the magistrate's decision that this court grant respondent's motion to dismiss.