DECISION ON MOTIONS TO DISMISS AND ON OBJECTIONS TO MAGISTRATE'S DECISION
{¶ 1} Relator, Jermal Towler, commenced this original action in mandamus seeking an order compelling respondent, Ron O'Brien, Franklin County Prosecutor ("prosecuting attorney"), and respondent Mark M. Hunt, relator's trial counsel ("defense counsel"), to release information relevant to relator's criminal conviction and appeal which is currently pending before this court in State v. Towler, Franklin App. No. 04AP-141. Respondents have each filed a motion to dismiss.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate found that relator does not have a clear legal right to compel the prosecuting attorney to provide him with documents in the prosecuting attorney's file that were not discoverable under Crim.R. 16 when the legal proceedings had not been fully completed. Such documents are specifically exempt from release as trial preparation records and not subject to a public records request. State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420, 432. Therefore, the magistrate has recommended that we grant respondents' motions to dismiss and deny relator relief in mandamus.
 {¶ 3} Relator, appearing pro se, filed objections to the magistrate's decision arguing that the documents he seeks were discoverable pursuant to Crim.R. 16 and, in fact, were previously made available to defense counsel. However, relator contends that defense counsel failed to provide him with copies of these documents. Therefore, relator seeks to compel the production of the documents through a public records request.
 {¶ 4} Regardless of whether the documents relator seeks were discoverable pursuant to Crim.R. 16 in the original criminal proceeding, a public records request is not the proper vehicle to obtain documents allegedly in the prosecutor's file when the legal proceeding remains pending. Here, relator acknowledges that his underlying criminal conviction is pending on appeal. Accordingly, relator does not have a clear legal right to the relief requested and relator's objections are overruled.
 {¶ 5} Following an independent review of this matter, we find that the magistrate has properly determined the pertinent facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant respondents' motions to dismiss and deny the requested writ of mandamus.
Objections overruled; motions to dismiss granted; writ of mandamusdenied.
Sadler and Deshler, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Jermal Towler, :
 Petitioner, :
v. : No. 04AP-752
Ron O'Brien, Franklin County : (REGULAR CALENDAR)
Prosecutor et al., :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on September 24, 2004 Jermal Towler, pro se.
Ron O'Brien, Prosecuting Attorney, and Paul Thies, for respondent Ron O'Brien, Franklin County Prosecutor. Mark M. Hunt, Attorney at Law, pro se.
IN MANDAMUS
 ON MOTIONS TO DISMISS {¶ 6} Relator, Jermal Towler, has filed this original action requesting that this court issue a writ of mandamus, pursuant to R.C.149.43, ordering respondent Ron O'Brien, Franklin County Prosecutor ("prosecuting attorney") and respondent Mark Hunt, relator's trial counsel ("counsel"), to release information relevant to relator's criminal conviction and appeal in criminal case number 03-CR-2440. Respondents have filed motions to dismiss.
Findings of Fact:
 {¶ 7} 1. Relator is an inmate currently incarcerated at Ross Correctional Institution. Relator was convicted on one count of aggravated murder with a firearm specification and sentenced to serve 20 years to life.
 {¶ 8} 2. Relator has filed a notice of appeal from his conviction which is currently pending before this court in State v. Towler, Franklin App. No. 04AP-141.
 {¶ 9} 3. On July 26, 2004, relator filed a petition seeking a writ of mandamus pursuant to R.C. 149.43 to compel respondents to provide him with various documents allegedly contained in the prosecuting attorney's criminal file in the underlying criminal case against relator. Based upon his complaint in mandamus, relator believes that the prosecuting attorney is in possession of statements from witnesses which he believes are exculpatory in nature. Furthermore, relator also seeks this court to compel trial counsel to obtain those documents from the prosecuting attorney and provide them to relator.
 {¶ 10} 4. Both respondents have filed motions to dismiss in this case.
 {¶ 11} 5. Relator sought an extension of time to respond to the motions to dismiss which was granted by the magistrate. Relator was given until September 13, 2004, in which to respond to the motions.
 {¶ 12} 6. Respondents' motions to dismiss are currently before the magistrate.
Conclusions of Law:
 {¶ 13} The Supreme Court of Ohio has set forth three requirements which must be met and established in a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondents are under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28. For the reasons that follow, this magistrate concludes that relator is not entitled to a writ of mandamus.
 {¶ 14} To the extent that relator argues that the information he currently seeks was discoverable pursuant to Crim.R. 16, relator acknowledges that his trial counsel was provided the opportunity to examine all discoverable materials in the custody of the prosecuting attorney. Trial counsel has stated that he provided relator with copies of all the evidence which was in his possession. Neither respondent would be required to again provide relator those documents already provided to him.
 {¶ 15} To the extent that relator argues that he is entitled to documents which were not discoverable pursuant to Crim.R. 16, the law provides that a mandamus action cannot be utilized.
 {¶ 16} In State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420,432, the Supreme Court of Ohio addressed the issues which were arising when R.C. 149.43 was used and/or attempted to be used as a vehicle to obtain records from law enforcement officials and the contents of the files of prosecutors in pending criminal cases. The court specifically examined whether or not information contained in the file of a prosecuting attorney who was prosecuting a criminal case was subject to release as a public record pursuant to R.C. 149.43. The court ultimately held as follows and provided the following rationale:
Therefore, we now hold that information, not subject to discovery pursuant to Crim.R. 16(B), contained in the file of a prosecutor who is prosecuting a criminal matter, is not subject to release as a public record pursuant to R.C. 149.43 and is specifically exempt from release as a trial preparation record in accordance with R.C. 149.43(A)(4).
By its very terms, R.C. 149.43(A)(4) defines "trial preparation record" as a record "compiled in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding * * *." Thus, to determine how long records exempt under R.C. 149.43(A)(4) remain exempt, we must look to the definitions of the words "trial," "action" and "proceeding."
"Trial" is defined as "[a] judicial examination and determination of issues between parties to [an] action, whether they be issues of law or of fact, before a court that has jurisdiction." Black's Law Dictionary (6 Ed.Rev. 1990) 1504. For "action" the definition "includes all the formal proceedings in a court of justice attendant upon the demand of a right made by one person of another in such court, including an adjudication upon the right and its enforcement or denial by the court." Id. at 28. "Proceeding" is the "[r]egular and orderly progress in form of law, including all possible steps in an action from its commencement to the execution of judgment." Id. at 1204.
None of these definitions, including the definition of "trial," makes any distinction between an initial court proceeding, direct appeals and/or postconviction relief. Accordingly, we also hold that once a record becomes exempt from release as a "trial preparation record," that record does not lose its exempt status unless and until all "trials," "actions" and/or "proceedings" have been fully completed.
This holding may seem harsh but it is not without good reason. Putting aside the argument that R.C. 149.43 is procedural in nature and, therefore, is subordinate to Crim.R. 16 by operation of Section 5(B), Article IV of the Ohio Constitution (an argument that may very well have merit), we still are faced with the situation in which a defendant in a criminal case might be granted a new trial, on his or her petition for postconviction relief. Since the possibility of retrial remains, the defendant, who has obtained records during postconviction proceedings, would have on retrial more information than she or he would be entitled to possess if limited to discovery pursuant to Crim.R. 16. This, of course, could present (at best) an anomalous result.
 {¶ 17} As indicated previously, relator's direct appeal of his criminal conviction is currently pending before this court. As such, relator does not have a clear legal right to compel the prosecuting attorney to provide him with these documents.
 {¶ 18} Relator also argues that his trial counsel should be compelled, via mandamus, to obtain the evidence from the prosecuting attorney's file and provide same to relator. In Steckman, the court specifically determined that the use of the word "person" in R.C. 149.43(B), providing that all public records shall be promptly prepared and made available for inspection to any person, is broad and permits anyone to seek public records. Because either relator or his trial counsel could seek public records, pursuant to R.C. 149.43, then the exceptions provided thereunder would apply equally to relator's trial counsel as well as to relator himself. Since the magistrate finds that the prosecuting attorney is not required to turn over to relator himself the records which he seeks, the prosecuting attorney is likewise not required to turn over to relator's trial counsel the records which relator seeks to compel trial counsel to obtain and provide him.
 {¶ 19} Based on the foregoing, this magistrate finds that the motions to dismiss filed by respondents in this action should be granted as relator does not have a clear legal right to compel either respondent to provide him with the records from the files of the prosecuting attorney which he seeks by way of this mandamus action. As such, this court should grant the motions to dismiss of respondents and should dismiss relator's mandamus action.