DECISION {¶ 1} Relator, Lela Richardson, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio *Page 2 
("commission"), to vacate its order setting relator's average weekly wage ("AWW") at $138.66 per week and ordering the commission to find that amount should be higher.
 {¶ 2} This matter was referred to a court appointed magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.) Relator has filed objections to the magistrate's decision.
 {¶ 3} Relator's main objection is that the magistrate erred in finding there was no conflict between Ohio Adm. Code 4123-18-14 and R.C. 4123.61. We agree with the magistrate that there is no conflict. Ohio Adm. Code4123-18-14 specifically addresses the circumstances in this case, i.e., when a claimant sustains an injury while participating in a rehabilitation program, and provides that the AWW for the rehabilitation injury must be calculated using the AWW information in the original claim pursuant to which the claimant undertook the rehabilitation. R.C.4123.61 applies to injuries and disabilities due to "occupational disease," which is defined by R.C. 4123.01(F) as a disease contracted in the course of employment. Thus, R.C. 4123.61 does not apply to injuries due to rehabilitation, which Ohio Adm. Code 4123-18-14 was specifically enacted to address. Therefore, there is no conflict between the two sections. The remaining issues raised in relator's objections either were addressed sufficiently by the magistrate or need not be discussed based upon the finding that Ohio Adm. Code 4123-18-14 explicitly addresses how to calculate the AWW in the present circumstances.
 {¶ 4} After an examination of the magistrate's decision, an independent review of the evidence, pursuant to Civ.R. 53, and due consideration of relator's objections, we *Page 3 
overrule the objections and adopt the magistrate's decision with regard to the findings of fact and conclusions of law contained therein. Accordingly, we deny relator's request for a writ of mandamus.
Objections overruled; writ of mandamus denied.
 McGRATH, J., concurs. BRYANT, J., concurs separately. *Page 1 APPENDIX A MAGISTRATE'S DECISION IN MANDAMUS {¶ 6} Relator, Lela Richardson, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order setting relator's average weekly wage ("AWW") at $138.66 per week and ordering the commission to find that that amount should be higher. *Page 2 
 Findings of Fact:
 {¶ 7} 1. Relator sustained a work-related injury during the course of her employment with Professional Personnel Consultants on February 13, 1988. The injury involved her right arm, elbow and hand.
 {¶ 8} 2. In 2003, relator requested that she be approved to participate in rehabilitation. According to the treatment plan ultimately approved in November 2003, relator had experienced several re-occurrences of symptoms involving her right arm, elbow and hand and had recently had surgery in September 2003. Because of her recurring symptomology, Dr. Lawley recommended an eight week work-conditioning program to be followed by a functional capacity evaluation. At the time that the Ohio Bureau of Workers' Compensation ("BWC") approved relator's participation in rehabilitation, it was noted that relator was unable to perform her original job duties.
 {¶ 9} 3. While participating in the rehabilitation program, relator sustained an injury to her left knee. That claim has been allowed for the following conditions: "SPRAIN LEFT MEDIAL COLLATERAL LIGAMENT; SPRAIN LEFT LATERAL COLLATERAL LIGAMENT."
 {¶ 10} 4. Relator requested temporary total disability ("TTD") compensation and, by order mailed March 8, 2004, the BWC granted relator TTD compensation beginning February 6, 2004. In that order, the BWC set relator's AWW at $138.66 based upon the statewide AWW which was in effect on the date of her original injury in 1988.
 {¶ 11} 5. Relator appealed and the matter was heard before a district hearing officer ("DHO") on July 19, 2004. The DHO denied relator's request to recalculate her AWW as follows: *Page 3 
 It is the finding of the District Hearing Officer that this claim is a result of an injury during the injured worker's participation in an authorized rehabilitation program with the BWC. It is also the finding of the District Hearing Officer that the BWC calculated the average weekly wage pursuant to Ohio Administrative Code 4123-18-14.
 It is the finding of the District Hearing Officer that the injured worker has not met her burden of proof to establish that her average weekly wage was incorrectly calculated or that special circumstances exist within the contemplation of Ohio Revised Code Section 4123.61 and 4123.62 to justify recalculating her average weekly wage. It is the finding of the District Hearing Officer that the motion does not contain any evidence supporting a finding of special circumstances. Specifically, the motion does not contain any affidavits or tax records.
 {¶ 12} 6. Relator appealed requesting that the commission determine her AWW in a manner that was fair: based upon her earnings for the year 2003, the year proceeding her injury while participating in rehabilitation. Relator attached two pages from a joint federal income tax return filed along with her husband, as well as a letter from Gary Holland attesting to the fact that claimant and her husband had been working painting new homes for the past seven years. That letter did not indicate relator's earnings.
 {¶ 13} 7. Relator's appeal was heard before a staff hearing officer ("SHO") on August 26, 2004 and resulted in an order affirming the prior DHO order as follows:
 The Staff Hearing Officer finds that the average weekly wage was set according to O.A.C. 4123-18-14, which requires that the average weekly wage for rehabilitation injury be calculated using the full weekly wage or the average weekly wage information from the original injury, which was in the year [1988].
 It is therefore the order of the Staff Hearing Officer that the injured worker's average weekly wage remain set at $138.66. *Page 4 
 This order is based upon wage information in file, the Bureau of Workers' Compensation order dated 03/08/2004, and O.A.C. 4123-18-14.
 {¶ 14} 8. Relator's further appeal was refused by order of the commission mailed October 29, 2004.
 {¶ 15} 9. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 16} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 17} In this mandamus action, relator argues that she is entitled to have her AWW determined as of the date that she sustained her injury while participating in rehabilitation and not based upon her earnings in the year proceeding the original injury for which she was receiving that rehabilitation. Relator argues that R.C. 4123.61, Price v. Cent. Serv.,Inc., 97 Ohio St.3d 245, 2002-Ohio-6397, and fairness require such a result. For the reasons that follow, this magistrate disagrees.
 {¶ 18} In 1979, when Am. Sub. H.B. No. 183 was enacted, the commission became a direct supplier of rehabilitation services. Pursuant to the authority granted under R.C. 4121.61 through 4121.69, the commission promulgated guidelines for the establishment of a comprehensive rehabilitation program. In 1989, Am. Sub. H.B. No. 222 transferred control of the rehabilitation division from the commission to the BWC. R.C.4121.61 directs the administrator of the BWC to adopt such rules, take such measures, and make *Page 5 
such expenditures as were deemed necessary to assist claimants in returning to work and to assist in alleviating or overcoming any resulting handicap.
 {¶ 19} Pursuant to Ohio Adm. Code Chapter 4123-18, the BWC now manages a vocational rehabilitation program. The goals of this program include returning injured workers to their former positions of employment or assisting them to return to other employment. To be eligible to participate, the injured worker must have a compensable claim which reflects a significant impediment to their ability to be employed. While participating in rehabilitation, the injured worker is entitled to receive living maintenance compensation from the surplus fund. Pursuant to R.C. 4121.63, living maintenance payments are paid in an amount not to exceed the amount the injured worker would receive if they were being paid TTD compensation, since any injured worker receiving living maintenance payments is deemed to be temporarily totally disabled.
 {¶ 20} Relator sustained an injury while participating in the rehabilitation program. Ohio Adm. Code 4123-18-14 sets forth how the AWW of a claimant should be determined in the event that the claimant sustains an injury while participating in a rehabilitation program. This rule provides, in pertinent part, as follows:
 (A) Claims for injury * * * incurred in the course of and arising out of participating in a MCO authorized rehabilitation program may be filed for compensation and benefits as if the injured worker's employer were the bureau of workers' compensation.
 (B) The full or average weekly wage for the rehabilitation injury * * * shall be calculated using the full or average weekly wage information in the original claim pursuant to which the injured worker undertook participation in the prescribed rehabilitation program * * *. *Page 6 
 {¶ 21} In the present case, the commission applied the above-cited rule to relator's case. Relator was originally injured in 1988. Later, while participating in a rehabilitation program, relator was injured. According to the rule applicable to this situation, relator's AWW was established based upon her earnings as of the date of the original 1988 claim which caused her to seek rehabilitation.
 {¶ 22} Relator does not argue that the commission incorrectly applied the Ohio Administrative Code. Instead, relator argues that, pursuant to R.C. 4123.61, Price, and based upon fairness arguments, her AWW should be set higher.
 {¶ 23} After the submission of briefs in this case, the Supreme Court of Ohio decided the case of State ex rel. Stevens v. Indus. Comm.,110 Ohio St.3d 32, 2006-Ohio-3456, overruling the Price decision which had permitted the commission to find a natural increase in earnings over the course of time a "special circumstance" under R.C. 4123.61 to justify recalculation of an individual's AWW. As such, the magistrate finds that the rational from Price for considering relator's later earnings fails.
 {¶ 24} To the extent that relator contends that Ohio Adm. Code4123-18-14 clearly contradicts R.C. 4123.61 because her date of injury was actually in 2003 and not 1988, this magistrate disagrees. As indicated previously, relator's participation in this rehabilitation program was designed to help her reach a level of functioning which would permit her to return to her former position of employment. While participating, relator received living maintenance compensation in an amount not to exceed the amount of TTD compensation to which she was entitled and calculated by looking at her 1988 date of injury. Further, relator had just undergone surgery for her allowed conditions in September 2003 and was presumably temporarily totally disabled. *Page 7 
 {¶ 25} Relator asserts that since the BWC is considered the "employer" for purposes of this 2003 injury and a new claim number was assigned, the commission is legally required to use the date of this new injury (December 2003) for purposes of determining her AWW. This magistrate disagrees. While participating in the rehabilitation program, relator was paid compensation from the surplus fund. Her original employer was not required to pay either for the rehabilitation itself or the compensation relator was paid. Further, those payments could not equal more than any TTD compensation which relator would receive based upon the 1988 date of injury. The BWC is listed as the "employer" so that the employer in the original claim is not charged or otherwise held responsible. It still remains a fact that relator was deemed temporarily and totally disabled from her 1988 job while participating in rehabilitation. Furthermore, even if some fairness rationale was applied in the present case, the evidence relator submitted did not establish what her wages were in 2003. Specifically, the pages from the joint return relator filed with her husband did not distinguish between his wages and her wages and the letter of Mr. Holland did not set out what relator's wages were. The commission properly applied the law and relator cannot show that the commission abused its discretion.
 {¶ 26} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion when it determined her AWW and relator's request for a writ of mandamus should be denied.
/s/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE