[Cite as *State ex rel. Chester v. Evans*, 2011-Ohio-3675.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE EX REL. | : | |
| DOUGLAS H. CHESTER & | : | JUDGES: |
| ROSALYN S. CHESTER | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Relators | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | CASE NO. 11-CA-5 |
| J. TERRY EVANS/MICHAEL L. | : | |
| SMITH | : | |
| | : | <u>OPINION</u> |
| Respondent | : | |


CHARACTER OF PROCEEDING:      Petition for Writ of Mandamus


JUDGMENT:      WRIT DISMISSED


DATE OF JUDGMENT ENTRY:      July 25, 2011


APPEARANCES:


For Relators (Pro se):      For Respondent:

Douglas & Roslyn Chester      Dennis E. Dove
3449 Licking Valley Rd.      Assistant Prosecuting Attorney
Newark, Ohio  43055      Licking County Prosecutors Office
       20 South Second Street, P.O. Box 830
       Newark, Ohio 43058

Licking County, Case No. 11-CA-5

Delaney, J.

{¶1} Relators, Douglas and Rosalyn Chester, have filed a Petition for Writ of Mandamus requesting this Court issue a writ which would require the Respondent, the Licking County Auditor, to remove from his records any reference to a mobile home currently included in Parcel Number 065-315972.01.001.

{¶2} Relators have requested and are granted leave to amend their Petition to name the current auditor, Michael L. Smith.

{¶3} Respondent Smith has filed a Motion to Dismiss to which Relators have filed a response.

{¶4} Relators are the defendants in a foreclosure lawsuit filed in the Licking County Court of Common Pleas, Case Number 09-CV-1892. In that case, the trial court granted judgment in favor of Federal Home Loan Mortgage Company ("Federal"). Thereafter, Federal moved the trial court for leave to amend their complaint to include a new claim that the mobile home which was located on the foreclosed land was a fixture and part of the land. The trial court granted leave to amend the complaint. Both Federal and Relators filed dispositive motions relative to the amended complaint. Each of the dispositive motions was denied, therefore, the claim to declare the mobile home a fixture remains unresolved in the trial court.

Licking County, Case No. 11-CA-5

{¶5} Respondent argues Relator's Petition should be dismissed Because Relators have no clear legal right to have the mobile home removed from the parcel number, Respondent has no clear legal duty to remove the mobile home from the parcel number and Relators have or had an adequate remedy at law.

{¶6} For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondents must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 451 N.E.2d 225.

{¶7} Relators have not directed this Court to any clear legal duty on the part of Respondent to remove the mobile home from this parcel. Relators merely assert they have a free and clear title to the mobile home. We have previously recognized that a mobile home may become a fixture and part of the real estate. In *Equitable Federal Savings and Loan Association v. Hopton* (1985), 1985 WL 7309, at 4, this Court held: "The trial court's conclusion that the "double wide," two-piece mobile home became a fixture is abundantly supported by the evidence. The test for annexation is (1) actual annexation to the realty; (2) application to the use; and (3) the intention of the party making the annexation to make a permanent accession. *Zangerle v. Standard Oil Co.* (1945), 144 Ohio St. 506, 60 N.E.2d 52 (following *Teaff v. Hewitt* (1853), 1 Ohio St. 511); *Taylor v.*

Licking County, Case No. 11-CA-5

*Multi-Flo, Inc.* (1980), 69 Ohio App.2d 19, 429 N.E.2d 1086. Thus, a fixture is an article which was a chattel, but which, by being affixed to realty, became accessory to it and parcel of it." Therefore, we find mere possession of the title to the mobile home is not dispositive of the inquiry as to whether the mobile home is a fixture on the property.

{¶8} Relators also have not shown that the possession of the title alone creates a duty on the part of Respondent to remove the mobile home from the parcel.

{¶9} As Respondent notes in his Motion to Dismiss, pursuant to Licking County Conveyance Standards Rule C.2, Respondent has the discretion to deny a requested transfer when Respondent has knowledge that a lawsuit is pending involving the property at issue.

{¶10} We find the cause of action pending in the trial court to determine whether the mobile home is a fixture provides Relators with an adequate remedy at law.

{¶11} For these reasons, Respondent's Motion to Dismiss is granted. The requested Writ of Mandamus is dismissed.

Licking County, Case No. 11-CA-5

{¶12}  PETITION FOR WRIT DISMISSED.

{¶13}  COSTS TO RELATORS.


By:  Delaney, J.

Gwin, P.J. and

Hoffman, J. concur

_____

HON. PATRICIA A. DELANEY

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE EX REL.                        :
DOUGLAS H. CHESTER &                 :          CASE NO. 11-CA-5
ROSALYN S. CHESTER                   :
                                     :
        Relators                     :
                                     :
-vs-                                 :          JUDGMENT ENTRY
                                     :
J. TERRY EVANS/MICHAEL L.            :
SMITH                                :
                                     :
        Respondent                   :


For the reasons stated in the Memorandum-Opinion on file, Relators'

Petition for Writ of Mandamus is hereby dismissed.  Costs to Relators.


_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN