OPINION
{¶ 1} Relators, Carmelia Valero and Dejan Vasic, have filed a Verified Complaint in Mandamus with a Motion for Alternate Writ. They are requesting the Probate Court Judge be compelled to issue them a marriage license. They are also requesting the Probate Court be ordered to file their application for a marriage license and any order of denial of the application in the Probate Court records. Respondent has filed a Motion to Dismiss the Complaint and, in the alternative, a Motion for Summary Judgment. Respondent has also filed a Motion for Protective Order requesting discovery be delayed until this Court's resolution of the Motion to Dismiss. Based upon facts agreed upon by the parties, the Court is able to issue an opinion on the verified complaint in mandamus. Our holding with regard to the complaint necessarily resolves the underlying motions.
 {¶ 2} A relator is entitled to a writ of mandamus if the following conditions are satisfied: (1) the relator demonstrates a clear legal right to the relief prayed for; (2) the respondent is under a corresponding legal duty to perform the actions that make up the prayer for relief; and, (3) the relator has no plain and adequate remedy in the ordinary course of law. Doss Petroleum, Inc. v. Columbiana Cty. Bd. ofElections, 164 Ohio App.3d 255, 2005-Ohio-5633, 842 N.E.2d 66, citing toState ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, 29,451 N.E.2d 225.
 {¶ 3} The parties agree Relator Carmelia Valero is a United States citizen who can provide a valid Ohio driver's license in support of her marriage license application. Relator Dejan Vasic is in possession of a valid foreign passport from his native Yugoslavia, however, his visa has expired. *Page 3 
 {¶ 4} Attached to Respondent's Motion to Dismiss is an affidavit from the Probate Judge which states in part, "2. The policy of the Stark County Probate Court is to require a state-issued photo identification, such as a driver's license or state identification card. We also accept valid school photo identification cards. 3. The Stark County Probate Court does not accept foreign passports as proper identification. . . . 6. My part in the events related in the complaint was to confirm to Mr. Renner that my court does not require visas for marriage licenses; and to confirm to my staff that a foreign passport is not proper identification of an applicant for a marriage license."
 {¶ 5} The first question before us is whether the Probate Court must accept and record all applications for marriage whether or not a marriage license is issued. The second question before us is whether the Probate Court can refuse to issue a marriage license to a person who is not in possession of a state-issued identification card, state-issued driver's license or valid school photo identification card.
 {¶ 6} R.C. 3101.01 describes who may marry:
 {¶ 7} (A) Male persons of the age of eighteen years, and female persons of the age of sixteen years, not nearer of kin than second cousins, and not having a husband or wife living, may be joined in marriage. A marriage may only be entered into by one man and one woman. A minor shall first obtain the consent of the minor's parents, surviving parent, parent who is designated the residential parent and legal custodian of the minor by a court of competent jurisdiction, guardian, or any one of the following who has been awarded permanent custody of the minor by a court exercising juvenile jurisdiction:
 {¶ 8} (1) An adult person;
 {¶ 9} (2) The department of job and family services or any child welfare organization certified by the department;
 {¶ 10} (3) A public children services agency.
 {¶ 11} And *Page 4 
 {¶ 12} R.C. 3101.05 provides, in part:
 {¶ 13} (A) The parties to a marriage shall make an application for a marriage license. Each of the persons seeking a marriage license shall personally appear in the probate court within the county where either resides, or, if neither is a resident of this state, where the marriage is expected to be solemnized. If neither party is a resident of this state, the marriage may be solemnized only in the county where the license is obtained. Each party shall make application and shall state upon oath, the party's name, age, residence, place of birth, occupation, father's name, and mother's maiden name, if known, and the name of the person who is expected to solemnize the marriage. If either party has been previously married, the application shall include the names of the parties to any previous marriage and of any minor children, and if divorced the jurisdiction, date, and case number of the decree. If either applicant is under the age of eighteen years, the judge shall require the applicants to state that they received marriage counseling satisfactory to the court. Except as otherwise provided in this division, the application also shall include each party's social security number. In lieu of requiring each party's social security number on the application, the court may obtain each party's social security number, retain the social security numbers in a separate record, and allow a number other than the social security number to be used on the application for reference purposes. If a court allows the use of a number other than the social security number to be used on the application for reference purposes, the record containing the social security number is not a public record, except that, in any of the circumstances set forth in divisions (A)(1) to (4) of section 3101.051 of the Revised Code, the record containing the social security number shall be made available for inspection under section 149.43 of the Revised Code.
 {¶ 14} Relators claim they presented an application for a marriage license, but the court refused to accept their application. The Respondent appears to state in her Motion to Dismiss she only accepts applications which are approved for the issuance of the marriage license, "With respect to relators' demand that respondent preserve and maintain marriage license `applications,' it appears plainly from the allegations of the complaint that no marriage license application was accepted for filing . . . "The statute mandates the Probate Court to keep all applications, *Page 5 
 {¶ 15} Immediately upon receipt of an application for a marriage license, the court shall place the parties' record in a book kept for that purpose. If the probate judge is satisfied that there is no legal impediment and if one or both of the parties are present, the probate judge shall grant the marriage license.
 {¶ 16} R.C. 3101.05(A). This section contemplates situations where applications which are filed may not be granted. The probate judge must issue a license if the probate judge is satisfied that there is no legal impediment and the parties are present. There is no discretion provided in this statute. The language is mandatory and absent a legal impediment, the Probate Court must issue the license.
 {¶ 17} The statute requires the Probate Court to place all applications received in a record book. Respondent urges us to equate the term received with approved. In other words, Respondent only wants to file applications of which she approves. The statute plainly provides otherwise, and the common meaning of the term received does not suggest approval is a prerequisite for the court to be deemed to have received an application. All applications which are received must be recorded, and all applications must be approved except for a finding of a legal impediment.
 {¶ 18} We must now consider whether the Probate Court can restrict the issuance of marriage licenses to those who are able to obtain a state identification card or a school identification card. As has been said many times, marriage is "a fundamental right protected by the Due Process Clause: The freedom to marry has long been recognized as one of the vital personal rights essential to the orderly pursuit of happiness by free men.'" Pena v. Northeast Ohio Emergency Affiliates, Inc. (1995),108 Ohio App.3d 96, 109, 670 N.E.2d 268, quoting Loving v. Virginia
(1967), 388 U.S. *Page 6 
1, 12, 87 S.Ct. 1817, 18 L.Ed.2d 1010; State v. Thompson,150 Ohio App.3d 641, 2002-Ohio-7098, 782 N.E.2d 688, at ¶ 17.
 {¶ 19} Legal impediments are the only acceptable bases for denial of a marriage license. Under the statute, there are only three legal impediments: (1) the applicants must be of the opposite sex; (2) the applicants must meet the age requirements or have consent if they are minors; and, (3) the applicants cannot be nearer in kin than second cousins. Absent these legal impediments, the Probate Court is required to issue a marriage license. The Probate Court has imposed its own legal impediment by requiring a state-issued or school identification card. There are alternative means to establish identity. For example, if the Probate Court does not find a foreign passport to be sufficient evidence of identification, the court should allow the applicant to offer evidence of his identity by way of an affidavit or by conducting a hearing relative to the applicant's identity rather than imposing the identification card requirement.
 {¶ 20} Relators have a clear legal right to have their application accepted and considered by the Respondent. The Respondent has a clear legal duty under the statute to consider the application. Relators have no adequate remedy at law until the Respondent issues an order from which they could appeal.
 {¶ 21} A writ of mandamus is issued, and the trial court shall forthwith accept and record Relators' application for marriage and rule upon the application in accordance with the statutory requirements. Further, the Court shall not restrict applicants to the production of a state identification card, state-issued driver's license, or school identification card as the only means of establishing identity of the applicant. *Page 7 
 {¶ 22} WRIT ISSUED.
 Gwin P.J. and Delaney, J. concur. *Page 8