[Cite as *State v. Hurst*, 2013-Ohio-193.]

IN THE COURT OF APPEALS
FIFTH APPELLATE DISTRICT
LICKING COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| Respondent | : | Hon., Sheila G. Farmer P.J. |
| | : | Hon., William B. Hoffman J. |
| -vs- | : | Hon., John W. Wise J. |
| | : | |
| MARK E. HURST | : | CASE NO. 12-CA-63 |
| | : | |
| Relator | : | |
| | : | OPINION |

CHARACTER OF PROCEEDING:          Petition for Writ of Mandamus

JUDGMENT:          WRIT DISMISSED

DATE OF JUDGMENT ENTRY:          January 15, 2013

APPEARANCES:

For Relator:

Mark E. Hurst, pro se.
19 East Street
Newark, Ohio  43055

For Respondent:

Kenneth W. Oswalt
Amy Brown Thompson (#0070511)
Assistant Prosecuting Attorney
20 South Second Street
4th Floor
Newark, Ohio  43055

Farmer, P.J.

{¶1}    Petitioner Mark E. Hurst has filed a "Motion and/or Petition for a Writ of Mandamus" requesting a writ be issued which would require the trial court to rule on a motion that Petitioner filed in the trial court. Respondent, the State of Ohio, has filed a Motion to Dismiss based upon several procedural defects in the petition.

{¶2}    We find Petitioner has not properly brought this action. R.C. 2731.04 provides, "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit."

{¶3}    Failure to comply with these requirements is grounds for dismissal. *Thorne v. State,* 8th Dist. No. 85024, 2004–Ohio–6288; *Maloney v. Court of Common Pleas of Allen County,* 173 Ohio St. 226, 181 N.E.2d 270 (1962).

{¶4}    Petitioner herein has not properly brought this cause as a petition in the name of the state. See *Blankenship v. Blackwell,* 103 Ohio St.3d 567, 2004–Ohio–5596, 817 N.E.2d 382; *Perotti v. Mahoning County Clerk,* 7th Dist. No. 05–MA–202, 2006–Ohio–673. *Selway v. Court of Common Pleas Stark County,* 5th Dist. No.2007CA00213, 2007–Ohio–4566.

{¶5}    Further, the Petition does not contain an affidavit of verity as required by R.C. 2731.04.

{¶6}    Even had Petitioner properly filed this cause, we would not find the issuance of a writ of mandamus to be warranted.

{¶7} For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondents must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger, v. McMonagle,* 6 Ohio St.3d 28, 451 N.E.2d 225.

{¶8} Petitioner has failed to name a proper respondent. Respondent has captioned the petition as State of Ohio v. Mark E. Hurst. The State of Ohio does not have a legal duty to rule on motions filed by a litigant in a court case. For this reason, a writ of mandamus does not lie against the State.

{¶9} For these reasons, Respondent's Motion to Dismiss is granted. The petition for a writ of mandamus is dismissed.

{¶10} PETITION FOR WRIT DISMISSED.

{¶11} COSTS TO RELATOR.


By: Farmer, P.J.
    Hoffman, J. and
    Wise, J. concur

_____
HON. SHEILA G. FARMER


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS
FIFTH APPELLATE DISTRICT
LICKING COUNTY, OHIO

STATE OF OHIO                  :
                                 :    CASE NO. 12-CA-63

Respondent           :
                                 :

-vs-                          :    <u>JUDGMENT ENTRY</u>
                                 :

MARK E. HURST         :
                                 :

Relator               :

For the reasons stated in the Memorandum-Opinion on file, Petitioner's Writ of Mandamus is hereby dismissed. Costs taxed to Relator.

_____
HON. SHEILA G. FARMER

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE