[Cite as *State ex rel. McBroom v. Indus. Comm.*, 2018-Ohio-307.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Gracie McBroom, | : | |
| Relator, | : | |
| v. | : | No. 17AP-168 |
| Industrial Commission of Ohio, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M E M O R A N D U M   D E C I S I O N

Rendered on January 25, 2018

*Gracie McBroom,* pro se.

*Michael DeWine,* Attorney General, and *Andrew J. Alatis,* for respondent.

IN MANDAMUS
ON MOTION FOR SUMMARY JUDGMENT

KLATT, J.

{¶ 1} Relator, Gracie McBroom, sister of the deceased workers' compensation claimant, Joseph W. Allen, commenced this original action in mandamus seeking an order compelling respondent, Industrial Commission of Ohio ("commission"), to hold a hearing and determine whether she is entitled to death benefits arising from the claimant's workers' compensation claim. Thereafter, relator filed a motion for summary judgment. The commission filed a response to relator's motion, which relator seeks to have stricken.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings

of fact and conclusions of law, which is appended hereto. The magistrate found that summary judgment should be granted in relator's favor. Essentially, the magistrate determined that relator and the commission are in agreement that relator did not receive the hearing to which she is entitled. In addition, the parties agree that relator is entitled to a hearing on her request for death benefits. Accordingly, the magistrate has recommended that we grant relator's motion for summary judgment. The magistrate has also recommended that we deny relator's motion to strike the commission's response to her motion for summary judgment.

{¶ 3}   No party has filed objections to the magistrate's decision.

{¶ 4}   Finding no error of law or other defect on the face of the magistrate's decision, we adopt the decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny relator's motion to strike but grant her motion for summary judgment and issue a writ of mandamus ordering the commission to vacate those orders which erroneously refused to consider relator's request for death benefits and to hold a hearing to adjudicate her entitlement to death benefits.

*Motion to strike denied;*
*motion for summary judgment granted;*
*writ of mandamus granted.*

TYACK and BRUNNER, JJ., concur.

_____

## APPENDIX

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Gracie McBroom, | : | |
| Relator, | : | |
| v. | : | No. 17AP-168 |
| Industrial Commission of Ohio, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on August 29, 2017

*Gracie McBroom,* pro se.

*Michael DeWine,* Attorney General, and *Andrew J. Alatis,* for respondent.

### IN MANDAMUS
### ON MOTION FOR SUMMARY JUDGMENT

{¶ 5} Relator, Gracie McBroom, sister of the deceased workers' compensation claimant, Joseph W. Allen ("Allen"), filed this original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to hold a hearing and determine whether she is entitled to death benefits arising from Allen's workers' compensation claim.

Findings of Fact:

{¶ 6} 1. On or about March 13, 1973 Allen sustained a work-related injury for which he was awarded compensation benefits.

{¶ 7} 2. At some point in time Allen died.

{¶ 8}  3. Relator filed a motion seeking death benefits which may have arisen from Allen's workers' compensation claim.

{¶ 9}  4. Apparently, a hearing was held at which time a district hearing officer denied relator a death allowance.

{¶ 10} 5. Thereafter, relator asserted that she did not receive a copy of the order and, as a result, did not file an appeal.

{¶ 11} 6. It is unclear exactly what transpired thereafter; however, it appears that although the commission determined that relator did not receive notice, no hearing was ever held on her request for a death allowance.

{¶ 12} 7. On March 6, 2017, relator filed this mandamus action asking this court to order the commission to find that she is entitled to death benefits or, in the alternative, to order the commission to hold a hearing on the matter.

{¶ 13} 8. On May 23, 2017, the magistrate held a conference with the parties to discuss their positions and attempt to resolve the case.

{¶ 14} 9. During the course of that conference, the parties ultimately agreed that relator should have a hearing on her motion.  The parties agreed to submit a joint stipulation to return the matter to the commission to hold a hearing to determine whether relator is entitled to death benefits.

{¶ 15} 10. Pursuant to those discussions, the assistant attorney general drafted a stipulation of dismissal, stating:

> In accordance with Civ.R. 41(A)(1)(b), the parties hereby stipulate that this action is dismissed with prejudice after advising, and to allow, pro se movant, Gracie McBroom, to consider retaining legal counsel in this matter. Further, by agreement of the parties, the Industrial Commission of Ohio will issue the following order in Claim Number 73-34234:
>
> It is hereby ordered that the Staff Hearing Officer order, issued 12/13/2016, findings mailed 12/16/2016, and the order of the Ohio Industrial Commission, findings mailed 02/25/2017, which adjudicated the issue of death allowance, are vacated.
>
> Previously, by order mailed on 02/02/2017, a Staff Hearing Officer vacated the District Hearing Officer order, issued 03/24/2016, findings mailed 03/30/2016, which denied Ms.

McBroom's request for death benefits. In that order, the Staff Hearing Officer granted Ms. McBroom relief pursuant to R.C. 4123.522 because the Ohio Industrial Commission failed to provide Ms. McBroom notice of the 03/24/2016 District Hearing Officer hearing. However, the Staff Hearing Officer did not vacate the orders noted above, which were issued in response to Ms. McBroom's appeals from the District Hearing Officer and Staff Hearing Officer orders denying death benefits. To adjudicate the issue of death allowance properly, the Industrial Commission now vacates the Staff Hearing Officer order, issued 12/13/2016, findings mailed 12/16/2016, and the order of the Ohio Industrial Commission, findings mailed 02/25/2017.

It is further ordered that a new hearing before a District Hearing Officer be scheduled to adjudicate Ms. McBroom's application for death allowance, filed 12/10/2015. The hearing officer is directed to adjudicate whether Decedent's death was causally related to the allowed conditions in this claim and whether Ms. McBroom was dependent on Decedent at the time of his death.

The District Hearing Officer's order will be subject to the usual rights of administrative appeal as provided in R.C. 4123.511.

{¶ 16} 11. Although the stipulation of dismissal specifically provides that the commission will hold a hearing to adjudicate whether Allen's death was causally related to the allowed conditions in his claim and whether relator was dependent on Allen at the time of his death, relator refused to sign that document.

{¶ 17} 12. Relator telephoned the magistrate to explain her refusal to sign the stipulation. Relator indicated that she objected to the specificity contained within that stipulation. Specifically, relator objected to the identification of all the orders which the commission should be ordered to vacate before holding the hearing. In relator's opinion, the commission should not have to be told what to do in that much detail.

{¶ 18} 13. Instead of attempting to prepare a new stipulation of dismissal, relator filed a motion for judgment on the pleadings or, in the alternative, motion for summary judgment on June 28, 2017.

{¶ 19} 14. The magistrate issued a notice of summary judgment which was sent to the parties.

{¶ 20} 15. Because the assistant attorney general had been out of town on vacation, he contacted relator and asked for permission to seek an extension of time to respond to her motion. Relator verbally agreed to the extension.

{¶ 21} 16. Respondent requested and was granted an extension of time to reply to relator's motion.

{¶ 22} 17. On July 17, 2017, relator filed a letter with the magistrate objecting to respondent's request for an extension of time to reply to her motion. Although relator acknowledges that she agreed respondent could have an extension of time and that he was not asking for more time than they had discussed, she asserted that counsel never properly served her with that request for an extension. Based on her argument that respondent's request for an extension was invalid, it appears that relator wants this court to strike respondent's response to her motion.

{¶ 23} 18. On July 19, 2017, counsel for the commission filed its response again acknowledging that it is not opposed to the relief requested, but asserting that relator's motion is vague and unclear. Specifically, in arguing that relator's motion should be denied, respondent stated:

> As the parties discussed at the Court's pre-trial conference on May 23, 2017, the commission has recently expressed that it is not opposed to the relief requested in McBroom's initial complaint inasmuch as the commission is willing to vacate the necessary orders denying McBroom a hearing and to conduct a hearing to determine McBroom's entitlement to death benefits. However, McBroom's recent motions are vague and unclear; and they lack the factual and legal substance necessary for her to prevail on same.

{¶ 24} 19. The matter is currently before the magistrate on relator's purported motion to strike respondent's response to her motion for summary judgment and relator's motion for summary judgment.

Conclusions of Law:

{¶ 25} For the reasons that follow, and in accordance with the parties' agreement as to the procedural facts and relief warranted, it is this magistrate's decision that this court should grant relator summary judgment.

{¶ 26} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to

the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 27} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280 (1996). Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64 (1978).

{¶ 28} As noted in the findings of fact, the parties agree that relator did not receive the hearing to which she was entitled. During the conference with the magistrate, the parties specifically agreed that they would enter into a stipulation of dismissal whereby the commission's prior orders would have no force and effect and a hearing would be held regarding relator's request for death benefits. Although the assistant attorney general drafted a stipulation of dismissal which did, in fact, provide the result agreed to by the parties, relator objected to some of the language in that order and, as a result, refused to sign it. However, the fact remains that there are no material issues of fact to be determined in this mandamus action and the parties agree that relator should have the hearing which she requests.

{¶ 29} Based on the foregoing, it is this magistrate's decision that this court should deny relator's purported motion to strike respondent's response and grant summary judgment in favor of relator and issue a writ of mandamus ordering the commission to vacate those orders which erroneously refused to consider relator's request for death benefits and hold a hearing to adjudicate her entitlement to death benefits.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).